No. 21,152.

JAMES H. RUTH, *Appellee,* v. THE WITHERSPOON-ENGLAR COMPANY, *Appellant.*

SYLLABUS BY THE COURT.

1. COMPENSATION ACT — *Trial — Instruction Refused — Not Reversible Error.* It is not reversible error to refuse to give an instruction stating in detail the law covering an issue submitted to the jury, where the court clearly states the same rule in general language in the instruction given.

2. SAME—*Evidence—Cross-examination refused—No Error.* The refusal of the court to permit the cross-examination of a witness to establish a defense, will not cause a reversal of the judgment, where the witness, who was a party to the action, could have been produced by the party seeking to cross-examine him, and where the evidence sought to be introduced by cross-examination was shown by records introduced in evidence by the party cross-examining.

3. COMPENSATION ACT—*Trial by Jury—Not Demanded.* Under the workmen's compensation act, a jury trial is waived unless demanded, and where it is not demanded, a court may call a jury to find the facts and may render judgment on the findings of the jury.

Ruth v. Witherspoon-Englar Co.

Appeal from Wyandotte district court, division No. 3; WIL-LIAM H. MCCAMISH, judge.    Opinion filed May 12, 1917. Affirmed.

*Edwin S. McAnany, Maurice L. Alden, Samuel Maher,* all of Kansas City, and *Frank L. Barry,* of Kansas City, Mo., for the appellant.

*J. E. McFadden,* and *O. Q. Claflin, jr.,* both of Kansas City, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The defendant appeals from a judgment rendered against it under the workmen's compensation act.

This is the second time this case has been before this court. (*Ruth v. Witherspoon-Englar Co.,* 98 Kan. 179, 157 Pac. 403.) The former judgment was in favor of the plaintiff for the same amount as the present one.

The plaintiff pleaded total incapacity caused by the breaking of his right leg while in the defendant's employ.    After the broken bone of the plaintiff's leg had been set and had healed, his injured leg was two inches shorter than the other one.    The plaintiff commenced an action against W. F. Fairbanks and H. B. Lemmon, the physicians who had treated him, and against the defendant, for negligence and malpractice in setting the bone.    That action was pending and undetermined at the time the present action was tried.

1. The defendant insists that the court erred in refusing to give the following instructions:

"You are instructed that the plaintiff is entitled to recover compensation in this cause for his disability, total or partial, that resulted from the injury received in the course of his work, without the intervention of an independent agency.

"If you believe from the evidence that his total or partial inability to work has been caused or increased by improper surgical treatment, or want of proper medical or surgical care, then he can not recover in this cause for any total or partial incapacity due to improper medical care or want of proper medical treatment."

The court gave the following instruction:

"In determining the compensation to which plaintiff is entitled, you will be careful to ascertain what length of time the plaintiff is necessarily incapacitated from work as the natural and probable result of his

39—100. KAN.

injury, excluding therefrom any loss occasioned by any act of the plaintiff, himself, or occasioned from the acts of others occurring since the time of the injury."

There is no substantial difference between the instructions requested and the one given by the court. The instructions asked by the defendant were specific, while the one given by the court was general. It was clear, and there was not enough difference between it and those requested to justify a reversal of the judgment.

2. The defendant contends that "the court committed error in refusing to permit appellant to cross-examine appellee with reference to the filing of the malpractice suit." Neither in his petition nor in his evidence in chief did the plaintiff say anything about that suit. The defendant's answer pleaded the pendency of that action as a defense; and on the cross-examination of the plaintiff the defendant attempted to show that the action had been filed and that the plaintiff had claimed that a part of his disability was caused by the negligence of the doctors in setting the broken bone in his leg. The defendant was not permitted to thus cross-examine the plaintiff. That cross-examination may have been proper, but the exclusion of that evidence on cross-examination did not preclude the defendant from introducing it to establish the facts pleaded in the answer. The defendant did introduce in evidence the plaintiff's petition in the malpractice suit, and the plaintiff introduced the defendant's answer thereto. If the defendant had so desired it could have used the plaintiff as a witness and could then have questioned him concerning the matters that were excluded on cross-examination. If there was error in refusing to permit the defendant to cross-examine the plaintiff concerning those matters the error was not sufficient to justify this court in reversing the judgment. In addition to this, the evidence sought to be introduced by cross-examination was not produced on the hearing of the motion for a new trial.

3. The cause was tried by a jury. A general verdict was not rendered, but three special questions were submitted to the jury, and these questions were answered as follows:

"Question 1. The date of the injury to plaintiff being admitted to be the 5th day of March, 1914, for how many weeks do you find, beginning

Ruth v. Witherspoon-Englar Co.

two weeks after the date of said injury, the plaintiff will be totally incapacitated for labor? Answer. Four hundred fourteen weeks.

"Question 2. For how many weeks, if any, beginning at the end of the period of total incapacity, as fixed by your answer to question number one, do you find that the plaintiff has been, or will be, partially incapacitated to perform labor? Answer. For rest of life.

"Question 3. What average amount per week has plaintiff been, or will the plaintiff in all probability be able to earn in some suitable employment or business after the date of the accident and in the future? Answer. None."

The defendant says that it was error for the court to submit this case to the jury upon the three special questions, and contends that the jury should, in addition, have been required to render a general verdict. To support its contention, the defendant cites section 295 of the code of civil procedure and a number of decisions by this court in actions for the recovery of money. The abstract does not disclose that either party demanded a jury trial. That section of the workmen's compensation act providing for a trial to determine the amount of compensation is section 5930 of the General Statutes of 1915, and in part reads:

"A workman's right to compensation under this act, may, in default of agreement or arbitration, be determined and enforced by action in any court of competent jurisdiction. In every such action the right to trial by jury shall be deemed waived and the case tried by the court without a jury, unless either party, with his notice of trial, or when the case is placed upon the calendar—demand a jury trial. The judgment in the action, if in favor of the plaintiff, shall be for a lump sum equal to the amount of the payments then due and prospectively due under this act, with interest on the payments overdue, or, in the discretion of the trial judge, for periodical payments as in an award."

The right to have the jury assess the amount of recovery in workmen's compensation cases is inconsistent with the powers of the trial judge under the statute quoted. So far as the abstract shows, the parties to this action waived a jury trial. The court must have called the jury for the purpose of having it find the facts on particular issues. Those facts were found. The court rendered judgment accordingly. No error is shown.

The judgment is affirmed.