No. 21,152.

JAMES H. RUTH, *Appellee*, v. THE WITHERSPOON-ENGLAR COMPANY, *Appellant*.

OPINION DENYING A REHEARING.

SYLLABUS BY THE COURT.

WORKMEN'S COMPENSATION ACT—*Judgment on Special Findings*. Under the workmen's compensation act, where a trial by jury is demanded and special questions are answered, but no general verdict is returned, a judgment compelled by the answers to the questions will not be reversed.

Appeal from Wyandotte district court, division No. 3; WILLIAM H. McCAMISH, judge. Opinion denying a rehearing filed July 7, 1917. (For former opinion of affirmance see 100 Kan. 608.)

*Edwin S. McAnany, Maurice L. Alden, Samuel Maher*, all of Kansas City, and *Frank L. Barry*, of Kansas City, Mo., for the appellant.

*J. E. McFadden*, and *O. Q. Claflin, jr.*, both of Kansas City, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: In the application for a rehearing it is shown that the plaintiff filed a written demand for a jury trial. The abstract does not show that a jury trial was demanded. In

the opinion delivered May 12, 1917 (*Ruth v. Witherspoon-Englar Co.*, 100 Kan. 608, 164 Pac. 1064), this court assumed that the trial court called a jury to find the facts on particular issues. It is now necessary to determine whether it was or was not reversible error for the trial court to submit the cause to the jury on the three special questions set out in the former opinion, and to render judgment on the answers to those questions.

In its answer the defendant alleged that it had paid $500.20 to the plaintiff as compensation. So far as the abstract discloses, the undisputed evidence showed that the plaintiff, for seven months previous to his injury and during the time he had been in Kansas City, had received for his labor $24.20 a week, which was the customary wage at that time. The evidence also showed that the plaintiff, at the time of his injury, had been in the defendant's employ about thirty days. Under the statute the answer to the first question and the wages paid the plaintiff make the amount of his recovery a matter of calculation. The court found:

"That between the time of receiving his injuries, as alleged in his petition, and the date of the trial of said cause, the defendant paid to the plaintiff as compensation for his injuries the sum of five hundred and 20/100 dollars ($500.20) for which sum it is entitled to credit herein."

The court further found:

"That at the time plaintiff received his injury he was earning the sum of twenty-four and 20/100 dollars ($24.20) per week, and that he is entitled to be paid as compensation, the sum of twelve and 10/100 dollars ($12.10) per week, on account of total disability by reason of his injuries, for the full period of 414 weeks."

The court rendered the following judgment:

"It is therefore, considered, ordered, adjudged, and decreed, that plaintiff have and recover a judgment herein against the defendant, the Witherspoon-Englar Company, in the sum of five thousand and nine and 40/100 dollars ($5009.40), and that the defendant is entitled to a credit herein for the sum of five hundred and 20/100 dollars ($500.20), heretofore paid to plaintiff as compensation for such injuries, leaving a balance due to said plaintiff from the said defendant of the sum of four thousand five hundred, nine and 20/100 dollars ($4509.20), for which sum, together with the costs of this action herein taxed at $41.15, the plaintiff is given judgment."

The finding of the jury and the wages paid the plaintiff compelled the trial court to allow $5009.40 as compensation, to

deduct the amount the defendant had paid to the plaintiff, and to render judgment for the remainder. If the cause had been submitted to the jury for a general verdict and that verdict had been for the plaintiff in an amount different from that required by the special findings, the trial court would have been compelled to render judgment according to the special findings. It was not reversible error for the court to render judgment on the findings of the jury.

A rehearing is denied and the judgment is affirmed.