No. 23,323.

SAM ZWADUK, *Appellee,* v. MORRIS & COMPANY, *Appellant.*

SYLLABUS BY THE COURT.

1. COMPENSATION ACT—*Right of Trial by Jury—Waiver.* Under section 20 of chapter 226 of the Laws of 1917, an act providing for compensation for persons injured in certain industries, the parties to an action for compensation waive the right to a trial by jury where they fail to demand a jury trial within ten days after the issues are joined; but the court may then call a jury to make special findings of fact, and it is not error for the court to refuse to instruct the jury nor to require it to return a general verdict.

2. SAME—*Compensation for Partial Temporary Disability—Question of Fact—Burden of Proof.* Under paragraph numbered 19 of section 3 of chapter 226 of the Laws of 1917, the workmen's compensation act, where an injured workman sustains partial, temporary disability continuing after a period of total disability, evidence must be introduced to prove the wages that he will be able to earn during the period of partial, temporary disability, and the burden of proof is on him to show that fact.

Zwaduk v. Morris & Co.

Appeal from Wyandotte district court, division No. 2; FRANK D. HUTCHINGS, judge. Opinion filed May 7, 1921. Affirmed in part and reversed in part.

*C. W. Trickett,* of Kansas City, for the appellant.

*A. J. Herrod,* and *H. S. Roberts,* both of Kansas City, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The defendant appeals from a judgment against it under the workmen's compensation act for an injury to the plaintiff while in the employ of the defendant. Before the action was commenced the defendant refused to arbitrate the amount of compensation that should be paid to the plaintiff. When the action was called for trial the defendant offered to waive a jury, but this was refused by the plaintiff. A jury was called, the evidence was introduced, and at the close thereof the court did not instruct the jury nor submit to it the questions at issue for a general verdict, although requested so to do by the defendant. The court submitted special questions, which together with the answers thereto were as follows:

"1. Was the plaintiff totally disabled from work by reason of said injury? Answer: Yes.

"2. If you answer question 1 in the affirmative, then state whether said total disability from work will be permanent. Answer: No.

"3. If you answer question 2 in the negative, then state how many weeks plaintiff had been totally disabled from work since receiving said injury? Answer: 44 weeks.

"4. If the plaintiff will be totally disabled from work by reason of said injury in the future, state how many weeks he will be so disabled. Answer: 20 weeks.

"5. If you answer question 2 in the negative, state (*a*) whether plaintiff has been partially incapacitated since his total incapacity from labor ceased and (*b*) will he be in the future partially incapacitated from labor by reason of said injury? Answer: (*a*) yes; (*b*) yes.

"6. If you answer question 5 in the affirmative, then state (*a*) how many weeks after said total incapacity ceased plaintiff was, and (*b*) will be partially incapacitated from labor. Answer: (*a*) . . . ; (*b*) 62 weeks.

"7. If you answer question 5 in the affirmative, then state how much the plaintiff has been able to earn during his partial incapacity from labor? Answer: Will depend on work plaintiff is able to obtain."

The plaintiff's motion for judgment on the answers to the special questions was sustained. The judgment recites that—

"The motion of the plaintiff for judgment on the answers to the special questions submitted should and ought to be and is hereby sustained, and that plaintiff be given judgment against the defendant as and for total disability in the amount of eleven dollars sixty cents ($11.60) per week for a period of 63 weeks, making a total sum due the plaintiff for total disability in the amount of seven hundred thirty dollars eighty cents ($730.80); also that the plaintiff be given judgment as and for partial disability in the amount of six dollars ($6) per week for a period of sixty-two (62) weeks, making a sum due for partial disability in the amount of three hundred seventy-two dollars ($372), making a sum total for total and partial disability in the amount of eleven hundred two dollars and eighty cents ($1,102.80)."

1. The defendant contends that it was error to refuse to instruct the jury and to refuse to require from it a general verdict. The constitutionality of workmen's compensation laws has been attacked on the ground that they deprived the parties of the right to trial by jury, and the laws have been upheld against those attacks. (Kiser's Workmen's Compensation Acts, Corpus Juris Treatise, 26; Bradbury's Workman's Compensation, 3d ed., p. 1011; 1 Honnold on Workmen's Compensation, § 14, and note 57.) Our statute provides that the matters in dispute may be tried by a jury. Section 20, chapter 226 of the Laws of 1917, an act providing for compensation for persons injured in certain industries, in part reads: "In every such action the right to trial by jury shall be deemed waived and the case tried by the court without a jury, unless either party shall within ten days after issues are joined demand a jury trial." It does not appear that either party demanded a jury within ten days after the issues were joined. The failure of the defendant to comply with section 20 of chapter 226 of the Session Laws of 1917 waived its right to a trial by jury and rendered the action triable by the court. Section 279 of the code of civil procedure reads:

"Issues of fact arising in actions for the recovery of money or of specific real or personal property shall be tried by a jury, unless a jury trial is waived or a reference be ordered as hereinafter provided. All other issues of fact shall be tried by the court, subject to its power to order any issue or issues to be tried by a jury or referred as provided in this code."

Zwaduk v. Morris & Co.

After the parties had failed to demand a jury at the time provided by law, the court could call to its assistance a jury to pass on disputed questions of fact. The court adopted the findings of the jury, but could have set them aside and could have made findings of its own. This entire practice has been so well established in this state in actions not triable by a jury that it is useless to cite authorities.

The argument of the defendant is that when the jury was impaneled, it was incumbent on the court to instruct the jury and to have it return a general verdict. This argument loses sight of the fact that the right of trial by jury had been waived, and the jury was called not to try the action but to inform the court concerning certain questions of fact therein. The court acted within its powers, and no error was committed in refusing to instruct the jury nor in refusing to require the jury to return a general verdict.

2. There was no evidence to show what the plaintiff would be able to earn during his period of partial disability after the period of total disability has expired. The defendant argues that it was error to render judgment for $372 for partial disability. In response, the plaintiff contends that this question is disposed of by *Stefan v. Elevator Co.*, 106 Kan. 369, 187 Pac. 861, where the court said:

"How compensation provided for in paragraph 19 shall be computed is a question of some difficulty. The earnings before and after injury referred to are evidently average weekly wages, computable in the usual way; but no maximum and minimum limit is affixed. In one sense that which is referred to in the introductory paragraph of division 'c' as 'the following schedule,' ends with paragraph 18. Paragraph 22, however is as much a part of the schedule as paragraph 10 or paragraph 16; so that, to the extent necessary, all the numbered paragraphs may be said to constitute the schedule. Major paragraphs 1 and 2 of section 3 fix maximum and minimum amounts of compensation. Major paragraph 3 discloses a distinct purpose to fix a weekly wage basis with a maximum and minimum limit for the computation of compensation in all cases, unless paragraph 19 of division 'c' be an exception. It will not be assumed the policy was abandoned in paragraph 19, and the court is of the opinion the provision contained in the introductory paragraph of division 'c'—'the compensation to be in no case less than $6 per week nor more than $12 per week'—applies to the disability covered by paragraph 19. Without proof that 60 per cent of the difference between earnings before and after injury would equal or exceed $6 per week, the plaintiff is entitled to the minimum for the period of eight years less one week,

on account of permanent partial disability found by the jury to exist, independently of the disability resulting from injury to the eye." (p. 373.)

The particular statutes involved in this discussion should be examined. Paragraph 19 of section 3 of chapter 226 of the Laws of 1917, in part reads:

"Provided, however, in case of partial disability not covered by schedule the workman shall receive during such period of partial disability not exceeding (8) eight years, 60 per cent of the difference between the amount he was earning prior to said injury as in this act provided and the amount he is able to earn after such injury."

Division "c" of the first unnumbered paragraph of section 3 of the act reads:

"Where disability, partial in character but permanent in quality, results from the injury, the injured workman shall be entitled to the compensation provided in paragraph 1 of this section, but shall not be entitled to any other or further compensation for or during the first week following the injury. Thereafter, compensation in a lump sum shall be paid as provided in the following schedule, the average weekly wages to be computed as provided in section 4 of this act, and the compensation to be in no case less than $6 per week nor more than $12 per week."

The Stefan case does not control for the reason that the disability there was partial and permanent, and minimum compensation was fixed by statute; while here after the period of total disability has expired, the disability will be partial and temporary, and compensation is not fixed in amount. In the Stefan case it was held that compensation for permanent partial disability should be paid under division "c" of the third section of the workmen's compensation act of 1917, and that no evidence need be introduced to prove what the injured party would be able to earn in the future. In the present case there is no permanent disability, there is temporary disability for which the statute does not undertake to fix the amount of compensation except by saying that it shall be "60 per cent of the difference between the amount he [the injured workman] was earning prior to said injury as in this act provided and the amount he is able to earn after such injury." The reason for naming, in the statute, a minimum rate of six dollars a week compensation for partial, permanent disability might well have induced the legislature to have fixed a minimum compensation for partial, temporary disability; but that has not been done. The entire period of total disability and a

Zwaduk v. Morris & Co.

portion of that of partial disability have expired. The wages that the plaintiff has been able to earn since the period of total disability has expired and that he will be able to earn during the remainder of the period of partial disability must be established by evidence. The compensation that he shall receive will then become a matter of calculation. This compels further proceedings by the trial court, but does not affect the judgment that has been rendered for total disability, $730.80.

The plaintiff argues that the burden was on the defendant to establish the amount that the plaintiff will be able to earn during his period of partial disability. This argument is not good for the reason that judgment cannot be rendered in favor of the plaintiff until he proves his cause of action. To do that he must prove his employment, his injury, the wages that he was earning before, and the wages that he has earned and will be able to earn after the expiration of the period of total disability. Without evidence on all these propositions, judgment for compensation for the period of partial disability cannot be rendered in his favor for the reason that he does not bring himself within the statute. The plaintiff must prove the wages that he has earned and will be able to earn during the time he is under partial disability, or there will be no basis from which to calculate the amount of his compensation.

The judgment for $730.80 for total disability is affirmed. The judgment for $372 for partial disability is reversed, and the cause is remanded to the district court with directions to ascertain the wages that the plaintiff has earned and will be able to earn during his period of partial disability and render judgment in his favor, in addition to the judgment for $730.80, for sixty per cent of the difference between the amount that he has earned and will be able to earn at the proved rates of wages and what he was earning prior to the injury.