No. 26,169.

THE STATE OF KANSAS, *Appellee,* v. ROBERT RIEMAN, *Appellant.*

OPINION DENYING A REHEARING.

Appeal from Dickinson district court; CASSIUS M. CLARK, judge. Opinion denying a rehearing filed June 8, 1925. (For original opinion of affirmance see *ante,* p. 577.)

*C. E. Rugh, Matt Guilfoyle,* both of Abilene, *John S. Dean, Harry W. Colmery, John S. Dean, Jr.,* and *C. B. Randall,* all of Topeka, for the appellant.

*C. B. Griffith,* attorney-general, *C. A. Burnett,* assistant attorney-general, and *Paul H. Royer,* county attorney, for the appellee.

The opinion of the court was delivered by

BURCH, J.: Defendant presents a petition for rehearing, which again urges an assignment of error challenging qualification of one of the jurors. The petition is grounded on the statement that this court misapprehended the facts disclosed by the record. The court fully apprehended all the facts disclosed by the abstract, counter abstract and briefs, and no additional facts are presented in the petition.

Counsel for defendant say they are unable to distinguish this case from the case of *The State v. Cleary,* 40 Kan. 287, 19 Pac. 776. In that case the jury, of which Gorten was a member, found Cleary guilty of the murder of Turner. At the hearing on the motion for new trial two witnesses testified by affidavit that the morning after the homicide, when one of the witnesses informed Gorten of it, Gorten delivered a tirade against Cleary, in which he accused Cleary of other crimes, and concluded by saying Cleary was a bad man, a desperate man, and they ought to hang him, or do something with him, so as not to put the county to any expense. Gorten was examined orally. At first he denied making the statements attributed to him, but on cross-examination he said that while the witnesses were at his home the morning after Turner was killed, he did not recollect any conversation about the homicide, and he could not recollect from whom or when or where he first learned of it. The district court denied the motion for new trial. The opinion was written by a commissioner of the court, who said:

"It therefore becomes the duty of the court to investigate a charge of this character most thoroughly, and if there be any doubt as to whether the juror was fair and free, to resolve that doubt, as we do all others, in favor of the

The State v. Rieman.

defendant. . . . On such a showing we are driven to the necessity of deciding between the positive statements of the two witnesses May and Heminger on the one side, and the negative declaration of the juror on the other side, that he had no recollection of making the declarations attributed to him." (*The State v. Cleary,* 40 Kan. 287, 295, 297, 19 Pac. 776.)

Having reached the conclusion of fact that Gorten was disqualified by reason of bias and prejudice against Cleary, the commissioner proceeded to investigate the question of Cleary's guilt. The syllabus reads:

"*Held,* That as the questions involved in this case are purely of fact, and as on the whole record a reasonable doubt of the defendant's guilt might be entertained, the trial judge ought to have sustained the motion for a new trial." (¶ 1.)

The commissioner ignored the function of the district court and misconceived the function of this court. He proceeded as though qualification of the juror was to be determined by this court *de novo* on the record, without regard to action of the district court. The Cleary case was decided in 1888. In later years the proper functions of trial court and reviewing court in cases of this character have been better defined. The district court is the fact-finding tribunal. Authority of this court is limited to correction of error, and it may not, in case of doubt, declare error in a conclusion of fact unless it has facilities for determining the fact which are equal to those possessed by the district court. When a question of veracity is involved, and the challenged juror has been examined orally at the hearing on the motion for new trial, this court does not possess facilities for determining the question comparable to those possessed by the trial court, and the principle involved has been further extended:

"Where in a criminal prosecution a juror in the course of examination as to his qualifications states that he has neither formed nor expressed an opinion on the merits of the case, and after a conviction affidavits are filed of his having previously expressed a belief that the defendant was guilty, which are denied by his own affidavit, the overruling of a motion for a new trial on the ground of his disqualification is not subject to review, because the decision must be regarded as influenced to some extent by the appearance and manner of the juror while testifying on his *voir dire.*" (*The State v. Brown,* 114 Kan. 452, syl. ¶ 2, 219 Pac. 279.)

The offense of which defendant was found guilty was committed on the night of January 7, 1924. The complaint was filed on February 8; the information was filed on May 13; the trial commenced

50—118 KAN.

on September 10; and the verdict of guilty was returned on September 11. The motion for new trial was heard on September 19, and the court took the motion under advisement. On December 8 the motion was denied and defendant was sentenced. The petition for rehearing charges arbitrary conduct on the part of the court in respect to the proceedings on December 8. Those proceedings were suppressed from defendant's abstract, and were first presented to this court by the petition for rehearing filed on May 29 of the present year. Notwithstanding the irregularity in presenting the proceedings, the court has considered them. The court does not propose to recite them or to comment on them further than to say that what the district court said and did appears to have been justified.

Defendant tenders to this court some evidence in the form of copies of affidavits dated February 23, 1925, and May 27, 1925. Casually inspected, the documents themselves disclose their own futility to accomplish the design pursuant to which they were framed and procured. But the court is not at liberty to discuss them. Its appellate power does not extend to reception of original evidence supposedly bearing on the issue determined by the verdict of the jury.

Defendant also tenders some evidence in the form of a copy of an affidavit dated May 28, 1925. It relates to the subject of investigation on December 8, 1924, and has no place in the record. The tendency of this affidavit, if received and considered, would be to discredit, and because of the circumstances under which it is presented, the court suggests that the portions of the petition for rehearing referring to it be withdrawn from the files.

The petition for rehearing is denied.