No. 45,418

STATE OF KANSAS, *Appellee*, v. HAROLD M. HEMMINGER, *Appellant*.

(457 P. 2d 141)

Opinion filed July 17, 1969.

*Ray Hodge*, of Wichita, argued the cause and was on the brief for appellant.

*R. K. Hollingsworth*, deputy county attorney, argued the cause, and *Kent Frizzell*, attorney general, and *Keith Sanborn*, county attorney, were with him on the brief for appellee.

The opinion of the court was delivered by

FATZER, J.: The defendant was convicted by a jury of robbery in the first degree (K. S. A. 21-527) and sentenced to a term of from twenty to forty-two years pursuant to K. S. A. 21-530 and 21-107a. He has appealed.

The facts are not in dispute, and those pertinent are summarized:

On September 20, 1964, defendant and another person robbed the Farha Red Bud Store No. 3, in Wichita, taking $4,400 from two employees at gun point. Subsequently, the defendant was identified by the same two persons, first, from photographs shown them by the Wichita police, and second, by means of a lineup conducted on October 27, 1964, in Camden, Missouri. As a result of the identification, and on November 4, 1964, a complaint was filed in the Court of Common Pleas, Sedgwick County, Kansas.

In September, 1967, defendant (having been incarcerated in the Missouri penitentiary) was duly extradited from Missouri and on October 13, 1967, he and his retained counsel were present at the preliminary examination held before the Magistrate of the Court of Common Pleas. Following the preliminary examination, the defendant was bound over for trial in the district court.`

On December 27, 1967, an information was filed charging robbery in the first degree, and trial was set for February 12, 1968, at which

time the defendant appeared with retained counsel and complained he did not have his evidence and did not want to go to trial. The district court treated the defendant's statements in the nature of a motion for continuance and conducted a hearing thereon. The defendant's counsel was candid with the court and stated in the record that the defendant had given him the names of various witnesses to contact who would show he had an alibi, and was not in the state of Kansas at the time of the robbery. He stated five letters were sent to those witnesses and their wives, and nine persons returned answers not favorable to the defendant's defense of alibi. He further stated that at the defendant's request, he called Sheriff Collins of St. Clair County, Missouri, but the sheriff was unable to say that defendant was in Missouri on September 20, 1964, in connection with criminal activity occurring in that county. The defendant referred the court to an issue of True Detective magazine and to a story therein concerning Sheriff Collins of St. Clair County, Missouri, in which the article stated that on the night of September 21, a large quantity of food had been stolen from a farm house. The defendant advised the court the story concerned his criminal activities in that county on that date, which he claimed attested to his presence in that county on September 21. The court advised the defendant that he was charged with robbery in Wichita on September 20, and that the story in the detective magazine was the rankest hearsay.

Counsel further related to the court he had received a long distance telephone call from Missouri from "an Al Morgan who had spent some time with Mr. Hemminger around" the time of the robbery in Wichita. Morgan stated the defendant was trying to establish his alibi that he had been in Missouri "committing other crimes" on September 20, 1964, and that he, Morgan, would not come into Kansas to testify because he would incriminate himself by testifying on the defendant's behalf. Counsel also stated he visited with the defendant several times in the county jail and "advised him that I had tried everything that I could to establish an alibi for this man, for himself, and that unless he could produce some witnesses to fully put him in the State (Missouri) at around that time (the time of the robbery), I didn't think his defense looked too good for him."

No notice of alibi was filed, and after the contact with Morgan, no effort was made to obtain his testimony either by deposition,

interrogatory, or under the provisions of K. S. A. 62-2803, either before trial or at the hearing on the motion for a new trial.

At the conclusion of the hearing, the district court found the defendant had ample time and opportunity to secure his evidence and that he was seeking, without reason, to delay the proceedings, and that he must stand trial or be released.

The defendant asserts error in denying his request for a continuance in order to obtain his evidence, and also complains of the court's failure to compel the attendance of Morgan by means of the Uniform Act to Secure Attendance of Witnesses from Without State. (K. S. A. 62-2801, *et seq.*)

The well-established rule in this jurisdiction is that the granting or denial of a continuance in a criminal prosecution is largely within the sound discretion of the district court, and its ruling will not be disturbed in the absence of a showing that there has been an abuse of discretion which has prejudiced the defendant's substantial rights. (*State v. Patterson,* 200 Kan. 176, 434 P. 2d 808; *State v. Brown,* 193 Kan. 654, 396 P. 2d 401; *State v. Hickock & Smith,* 188 Kan. 473, 363 P. 2d 541, appeal dismissed 373 U. S. 544, 10 L. Ed. 2d 688, 83 S. Ct. 1545.)

The record shows the defendant was well aware of the charges pending against him while he was confined in the Missouri State Penitentiary. On April 4, 1966, the Clerk of the Court of Common Pleas, Sedgwick County, sent the defendant, at his request, a copy of the complaint filed against him, and later, on October 26, 1966, the clerk furnished him another copy at his request.

In light of the foregoing, and since the defendant had from the time of the preliminary examination on October 13, 1967, to the time of the trial on February 12, 1968, to secure his evidence, and no prejudice to the defendant having been made to appear, his contention that the district court erred in denying a continuance is without merit.

Likewise, the defendant's claim the district court erred in denying him the benefit of K. S. A. 62-2803 is not well taken.

At no time did the defendant or his counsel make any request to the court that any witness be subpoenaed to testify on his behalf, nor did they make application to the court to secure the attendance of any witness from without the state pursuant to the statute. As may be seen from the provisions of 62-2803, the Act does not provide for the delivery of witnesses residing in another state as a matter of

course. In *State v. Lesco,* 194 Kan. 555, 400 P. 2d 695, cert. den. 382 U. S. 1015, 15 L. Ed. 2d 529, 86 S. Ct. 628, it was said:

". . . The Uniform Act to Secure the Attendance of Witnesses from Without State does not provide for the delivery of a witness residing in another state as a matter of course. After a judge of a court of record of this state has certified to a judge of a court of record in the county in which the person is found that he is a material witness in a criminal prosecution, a hearing is held and a summons to attend and testify is issued by the judge in the foreign state only if he 'determines that the witness is material and necessary, [and] that it will not cause undue hardship to the witness to be compelled to attend and testify in the prosecution . . .'" (K. S. A. 62-2802.) It would appear that the judge before whom the prosecution is to take place should have some discretion to determine under what circumstances resort should be had to the Uniform Act. The Uniform Act was intended as a matter of comity between states to enable states to obtain material witnesses for criminal prosecutions . . ." (1. c. 559, 560.)

In *People v. Newville,* 220 Cal. App. 2d 267, 33 Cal. Rptr. 816, it was held where the unsupported averment of the defendant that the testimony of his wife and child would be material, and a letter written by the wife indicated uncertainty as to the defendant's alibi, the lower court was not required to exercise its discretion in favor of the defendant's motion to compel the attendance of his wife and child from out of state.

Where, as here, the defendant makes no request for the attendance of an out of state witness and makes no effort to comply with statutory requirements by showing such witness would be material, he cannot successfully claim that he was denied compulsory process. (*Midgett v. State,* 223 Md. 282, 164 A. 2d 526, cert. den. 365 U. S. 853, 5 L. Ed. 2d 817, 81 S. Ct. 819; *Lancaster v. Green,* 175 Ohio St. 203, 192 N. E. 2d 776.)

The defendant next claims he was denied effective assistance of counsel in violation of his constitutional rights. We do not agree. The claim is founded upon counsel's failure to request the attendance of a "favorable" witness from without the state, but it was never shown such witness would in fact be "favorable." As indicated, at the hearing before trial, counsel stated his doubts as to whether Morgan would testify, and if so, whether he would testify favorably on behalf of the defendant. The burden of showing denial of effective assistance of counsel to the extent necessary to overcome the presumption of regularity of the conviction is upon the defendant, and is not sustained by the unsupported, uncorroborated

statements of the one convicted. (*Wisely v. State,* 201 Kan. 377, 440 P. 2d 632; *Goodwin v. State,* 195 Kan. 414, 407 P. 2d 528.)

The record demonstrates counsel was diligent in his efforts before trial to secure evidence to establish the defendant's alibi, and when he was unable to do so, he advised the defendant and the district court to that effect. He was not obligated to stultify his legal integrity in an effort to support an apparent frivolous alibi based upon a story in True Detective magazine. The honest exercise of discretion was involved, and it may not be held counsel was remiss or that he did not fully and adequately represent the defendant in the absence of proof of bad faith. (*Johnson v. Crouse,* 191 Kan. 694, 383 P. 2d 978, and cases cited.) On the contrary, counsel diligently prepared and handled the case. It is evident counsel was of the opinion he was justified in his belief and action in not proceeding under 62-2803 to attempt to secure the attendance of Morgan from the state of Missouri. Moreover, any measure of representation of counsel must recognize the factual situation and the sufficiency of the state's evidence against a defendant. The reality of the situation with which counsel is confronted must be recognized as part of such representation. In this case, the defendant was positively identified by the two employees from whom the money was taken. While no plea of alibi was filed, the defendant was permitted to testify he was not in the state of Kansas on September 20, 1964, however, his evidence on cross-examination was of such nature that it would permit a jury to doubt his veracity and afford it sound ground to discount his testimony.

It is next claimed the district court erred in failing to issue subpoenas for witnesses requested by the defendant to appear at the hearing on his motion for a new trial. The claim is without merit. The defendant's supplemental abstract filed in this court just prior to the hearing of the appeal on the merits, contained a document entitled "Motion for New Trial" and "Motion for Subpoena's Ad Testificandum." The *pro se* motion named four witnesses and requested they "be subpoenaed To Testify For cross-examinations and avaluations (*sic*) herein." It would appear the defendant prepared and forwarded the document to the clerk of the district court while he was in the county jail awaiting transfer to the state penitentiary. The clerk of the district court filed the defendant's motion, but the defendant did not advise his counsel,

or the district court, or the county attorney, of the filing of the *pro se* motion.

Counsel for the defendant filed a motion for a new trial containing, among other grounds, "newly discovered evidence." At the hearing on the motion, counsel stated the newly discovered evidence alleged therein was the testimony of four witnesses the state had endorsed on the information and had subpoenaed for trial, but they were not called to testify. Counsel candidly stated he knew about the four witnesses, of their presence at the trial, and that he was not prevented in any way from calling them to testify on the defendant's behalf.

We think no prejudicial error resulted to the defendant's substantial rights by reason of the district court not having specifically considered the defendant's *pro se* motion. In the first place, the defendant was present at the hearing and failed to call his motion to the court's attention. In the second place, it appears the witnesses the defendant referred to in his motion were the same witnesses counsel referred to at the hearing for a new trial, and the defendant's motion was in fact ruled upon. As indicated, the testimony of the witnesses listed would not have afforded grounds for a new trial since counsel candidly admitted that it was not newly discovered evidence since the witnesses sought to be called were known to him at the trial, and that nothing prevented the defendant from calling them to testify on his behalf. (State v. Oswald, 197 Kan. 251, 417 P. 2d 261; *State v. Eaton,* 199 Kan. 192, 428 P. 2d 847.)

The state's evidence at the trial was clear and convincing with respect to the identification of the defendant, and where, as here, the defendant failed to produce affidavits of the witnesses, or account for their absence at trial, the district court did not abuse its discretion in denying the motion for new trial. (*State v. Long,* 189 Kan. 273, 369 P. 2d 247; *State v. Pinkerman,* [Mo.], 349 S. W. 2d 951; *United States v. Soblen,* 203 F. Supp. 542, 301 F. 2d 236, cert. den. 370 U. S. 944, 8 L. Ed. 2d 810, 82 S. Ct. 1585.)

Included in the defendant's supplemental abstract is a document entitled "Sworn Affidavit" purportedly executed by one Lloyd O. Holsey on March 7, 1969, in Leavenworth County, Kansas, wherein he stated he robbed the Farha Red Bud Store No. 3, in Wichita, on September 20, 1964, and that the defendant "is not guilty of the robbery."

Holsey's third party, out of court confession was never submitted to the district court, and it may not be considered in determining the merits of the defendant's appeal. A similar question was presented in *Martin v. Edmondson*, 176 Kan. 374, 270 P. 2d 791, where it was said such a statement might be a "talking point" in an application for executive clemency, but it affords no grounds for release or for the granting of a new trial. See, also, *State v. Rieman*, 118 Kan. 784, 786, 236 Pac. 641; *State v. Mosley*, 163 Kan. 530, 183 P. 2d 877, and *State v Larsen*, Idaho 42, 415 P. 2d 685.

We have carefully examined the record and find no error. There was ample evidence to support the jury's verdict, and the district court did not err in overruling the defendant's motion for a new trial. It follows that the judgment and sentence of the district court should be affirmed.

It is so ordered.