Marquis v. Wiren.

---

R. W. MARQUIS v. JOHN OSCAR WIREN *et al.*

No. 14,789.   (87 Pac. 1135.)

SYLLABUS BY THE COURT.

INSANE PERSONS—*Service of Process—Void Judgment.* A judgment rendered against an insane person upon personal service made after he has been adjudged insane, and before a guardian has been appointed, is void, and should be set aside upon application made in the original action by the guardian of his person and estate.

Error from Rawlins district court; ABEL C. T. GEIGER, judge. Opinion filed December 8, 1906. Affirmed.

*Albert Hemming,* and *Valentine, Godard & Valentine,* for plaintiff in error.

*J. S. West,* and *Fred Robertson,* for defendants in error.

The opinion of the court was delivered by

GREENE, J.: This is a proceeding to reverse an order of the district court of Rawlins county setting aside a judgment formerly rendered in that court against John Oscar Wiren in favor of R. W. Marquis.

It appears that on August 30, 1889, John Oscar Wiren, a single man, gave his note in the sum of $200 to the Des Moines Loan & Trust Company, and also gave a mortgage upon certain real estate in Rawlins county to secure its payment. The plaintiff in error

subsequently became the owner of the note and mortgage, and certain payments thereon being in default he commenced his suit on February 28, 1900, in the district court of Rawlins county against John Oscar Wiren to recover a personal judgment against him upon the note and to foreclose the mortgage. He caused a summons to issue to John Oscar Wiren, directed to the sheriff of Shawnee county, Kansas, to be served, at the same time informing the sheriff that John Oscar Wiren was an inmate of the insane asylum located in Shawnee county. This summons was returned showing service by delivering a copy to John Oscar Wiren personally on October 5, 1900.

Subsequently the plaintiff made application to the district court for the appointment of a guardian *ad litem* for John Oscar Wiren, upon the ground that he had been adjudged insane and was then an inmate of the insane asylum at Topeka. Upon this application the court appointed D. C. Bye guardian *ad litem* for John Oscar Wiren, who, after taking the guardian's oath, filed a general denial, and the cause was tried without other service. A personal judgment was rendered against Wiren and a decree foreclosing the mortgage was made. Under this judgment and decree an order of sale was issued and the land sold to the plaintiff. The sale was confirmed, and a deed executed to him.

On March 6, 1905, the probate court of Rawlins county appointed O. A. Olson guardian of the person and estate of John Oscar Wiren, and on the same date the guardian filed an application in the district court of Rawlins county asking that the judgment theretofore rendered in the case of Marquis against Wiren be set aside for the reason that the court had no jurisdiction of the defendant Wiren and that the entire proceedings were void. The application was granted and the judgment was set aside. From this order the plaintiff prosecutes error.

The only question to be determined is, Was the judgment rendered void for want of jurisdiction of the defendant Wiren? There is but one way for a court to obtain jurisdiction of an insane person and that is by having the process served on his guardian. Section 3941 of the General Statutes of 1901 authorizes any person to institute proceedings in lunacy against one suspected of being insane or incapable of managing his own affairs, and section 3945 requires the probate court, when it has been determined that such person is insane or incapable of managing his own affairs, to appoint a guardian of his person and property. Section 3976 provides that in all actions against an insane person the process must be served upon his guardian, and section 3958 makes it the duty of the guardian to prosecute and defend all actions instituted in behalf of or against such ward. These sections were in force at the time the original proceedings were had, but were repealed by chapter 299 of the Laws of 1905; but no change was made which in any way affects the proceedings upon which the original judgment was rendered. None of these provisions was observed in the attempt to bring Wiren into court. The court therefore did not obtain jurisdiction of him, and the judgment is void.

The order setting aside the judgment upon the application of the guardian of Wiren is affirmed.

All the Justices concurring.