CATHARINE WEEDMAN, *Apellant*, V. CHARLES FOWLER, *Appellee*.

No. 16,859.

### SYLLABUS BY THE COURT.

1. JUDGMENTS—*Res Judicata—Action against Guardian of Insane Person*. A judgment in an action against the guardian of an insane person quieting the title of the grantee in a guardian's deed to lands described therein, which judgment remains in full force and effect, is a bar to an action by the guardian to set aside the deed on the ground that it was procured by fraud.

2. —————— *Vacation—Fraud—Collateral Attack*. The only fraud that can be relied upon to avoid a judgment in a collateral attack is fraud which inheres in the judgment and which affects the jurisdiction. (*Bleakley v. Barclay*, 75 Kan. 462.)

Appeal from Kingman district court. Opinion filed February 11, 1911. Affirmed.

*J. M. Ready, W. M. Ready, J. Q. Jenkins,* and *J. H. Connaughton,* for the appellant.

*George L. Hay,* for the appellee.

The opinion of the court was delivered by

PORTER, J.: This is an action to set aside a guardian's deed. It was originally brought by Z. S. Weedman, as guardian of Sarah C. Swiney, a person of unsound mind. The defendant had judgment. Thereafter Sarah C. Swiney died and the action was revived in the name of Catharine Weedman, her only heir at law, who appeals.

W. L. Swiney died November 17, 1905, intestate, his only heir being his widow, Sarah C. Swiney. For some time prior to his death he was in partnership with the defendant, Fowler, in the grain, coal and livestock business, and was also possessed of property which he owned individually. The probate court of Kingman county appointed G. L. Baker administrator

of the estate, and about the same time the defendant, Fowler, filed his bond as surviving partner and proceeded to administer the partnership estate. Thereafter, in February, 1906, Sarah C. Swiney was adjudged insane, and the probate court of Sedgwick county appointed her brother, Z. S. Weedman, her guardian.

The petition alleged that the defendant had made false representations to the administrator and to the plaintiff, as guardian, claiming to be the owner of an undivided one-half interest in certain real estate which stood in the name of W. L. Swiney at the time of his death, when, in fact, the defendant had no interest therein; that the statements were made for the purpose of defrauding the estate and of cheating the widow out of her interest therein; that the administrator believed the statements and entered into an agreement with the defendant to procure from the plaintiff a guardian's deed for the real estate; that the plaintiff, relying upon the truth of the statements, filed his petition in the probate court of Sedgwick county for leave to sell his ward's interest in the real estate, and that an order of sale was issued, in pursuance of which he had conveyed the same by guardian's deed to the defendant. The petition then alleged that the order of sale was void by reason of the false representations made by the defendant and relied upon by the plaintiff; that there was no consideration actually paid for the deed; that the consideration of $1500 named therein was placed there without the knowledge or consent of the plaintiff, and for the purpose of showing compliance with the law requiring the sale to bring three-fourths of the appraised value. A copy of the guardian's deed was attached to the petition, and there was a prayer that the deed be set aside.

The answer pleaded a former adjudication, and alleged that all the matters and differences between the parties had been finally determined in an action.

brought by the defendant as plaintiff in the district court of Kingman county against G. L. Baker, as administrator, and the plaintiff, as guardian, to quiet the defendant's title to the real estate described in the guardian's deed, in which action he had recovered a judgment which was in full force and effect. The answer further alleged that the consideration paid by Fowler for the guardian's deed was a conveyance by him of an undivided one-half interest in the other property which stood in the name of Swiney at the time of his death, and which in fact belonged to the firm, and the payment by the defendant of debts of Swiney & Fowler to the amount of $3000. It was further alleged that the plaintiff, as guardian, had reported his proceedings to the probate court of Sedgwick county, by which the deed was confirmed, and that the decree of confirmation had never been set aside or appealed from. The answer also pleaded the two-year statute of limitation.

The reply was a general denial, and the averment that in the suit to quiet title no judgment was in fact taken against Sarah C. Swiney, but on the contrary that the district court of Kingman county had dismissed the action as to her because there was no service upon her.

On the trial it was stipulated that the pleadings and the record in the action to quiet title should be considered in evidence for every purpose. The court ruled that under the pleadings and stipulations the plaintiff was not entitled to recover, and held that the judgment quieting title furnished a complete defense to the action. This ruling is the error complained of.

In the action to quiet title Baker, as administrator, Weedman, as guardian of Sarah C. Swiney, and Sarah C. Swiney herself were made defendants. There was personal service of summons on the administrator and the guardian, but no service on the insane person. The journal entry of judgment recites that the cause was

dismissed as to her because there was no service upon her personally, but judgment was rendered by default against the other defendants. It is claimed that by reason of the dismissal as to Sarah C. Swiney the judgment against her guardian has no binding effect upon her estate. There is no merit in the claim, because the statute expressly provides that the process shall be served on the guardian. (Laws 1907, ch. 247, § 25, Gen. Stat. 1909, § 4843.) She was not a proper or necessary party, and the action as to her was rightly dismissed. As was said in *Marquis v. Wiren,* 74 Kan. 775: "There is but one way for a court to obtain jurisdiction of an insane person and that is by having the process served on his guardian." (p. 777.) To the same effect is *Foran v. Healy,* 73 Kan. 633.

The other contention is equally untenable. The plaintiff offered to prove a number of facts which it is insisted showed fraud in obtaining the judgment. All of them, with proper diligence, could have been interposed in the action in which the judgment was rendered and to which the plaintiff was a party. For this reason the law can now afford the plaintiff no relief. (*Snow v. Mitchell,* 37 Kan. 636; *Boyd v. Huffaker,* 40 Kan. 634; *Larimer v. Knoyle,* 43 Kan. 338, 351.) The only fraud that can be relied upon to avoid a judgment in a collateral attack is fraud which inheres in the judgment and which affects the jurisdiction. (*Bleakley v. Barclay,* 75 Kan. 462, and cases cited in the opinion.)

The judgment is affirmed.