THE STATE OF KANSAS, *Appellee,* v. JUSTUS B. LINDER-
HOLM, *Appellant.*

No. 17,011.

SYLLABUS BY THE COURT.

1. JURY TRIAL—*Lunacy Inquest.* The statute providing for a
jury, in lunacy inquests, of four persons, one of whom must
be a physician (Gen. Stat. 1909, § 8470), does not violate the
right to a jury trial which is guaranteed by the constitution.

2. ———— *Appeal from Probate Court to District Court.* On
appeal from the probate court to the district court the nature
of a lunacy proceeding is not changed and the jury provi-
sions of the civil and criminal codes are not applicable.

Appeal from McPherson district court. Opinion filed
April 8, 1911. Affirmed.

*Joseph G. Waters,* and *John C. Waters,* for the ap-
pellant.

*George W. Allison,* county attorney, for the appellee.

The opinion of the court was delivered by

BURCH, J.: As the result of a proceeding in lunacy
in the probate court the appellant was adjudged to be
insane. On appeal to the district court the same con-
clusion was reached, and as a result he was ordered
sent to the state hospital. In both the probate court
and the district court the finding was made by a jury
of four, one of whom was a physician (Laws 1901, ch.
353, § 58, Gen. Stat. 1909, § 8470). On appeal to this
court it is urged that the right of trial by jury secured
by the constitution (Bill of Rights, § 5) has been vio-
lated.

Although the hearing of a case of this kind is ordi-
narily designated as a trial, it is not so in the sense of
the constitution. The proceeding is merely an inquest
conducted primarily for the benefit of the person whose
mental state is in question, and it bears no resemblance

to an action, either civil or criminal. As the court said in the case of *Chavannes v. Priestley,* 80 Iowa, 316:

"It is not a case in which he is adjudged at fault, or in default, and for which there is a forfeiture of liberty or property, but only a method by which the public discharges its duty to a citizen. The misfortunes of citizens sometimes place them where, for their care and preservation, restraints are necessary, and such restraints are even justified at the hands of private persons. They are not in such cases 'deprived of liberty' within the meaning of the constitution." (p. 320.)

On appeal to the district court the nature of the proceeding was not changed. It was still an inquest of lunacy, the same as it had been in the probate court, and the jury provisions of the civil and criminal codes were not applicable.

The judgment is affirmed.