No. 20,523.

*In re* JUSTUS B. LINDERHOLM (MRS. AGNES EKBLAD, *Appellee,*
v. JUSTUS B. LINDERHOLM, *Appellant*).

### SYLLABUS BY THE COURT.

MANDAMUS—*Correction of Journal Entry.* Where, after a dispute be-
tween counsel as to what a journal entry of judgment on a motion
and demurrer should contain, the trial judge signs a journal entry
reciting the judgment of the court, a writ of mandamus will not issue
to compel the correction of the journal entry so as to make it recite
the evidence or other showing on which the judgment was based.

Proceeding in mandamus in an appeal from McPherson
district court; ROSWELL L. KING, judge *pro tem.* Opinion
filed June 9, 1917. Writ denied.

*Justus B. Linderholm,* of Topeka, *pro se.*

*Frank O. Johnson,* of McPherson, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: Justus B. Linderholm asks that a writ of
mandamus be issued to compel Judge R. L. King to correct
the journal entry of proceedings had before him in McPher-
son county. The journal entry, which is the subject of this
controversy, is as follows:

"And now, to wit on this 21st day of December, 1915, being an ad-
journed day of the regular December term of the said court. The Hon-
orable R. L. King, Judge of the Eighth Judicial District of the State of
Kansas, who had been called in by Judge F. F. Prigg to try this case,
and the said Judge R. L. King, is sitting in this case with the consent of
all parties concerned. The appellant appearing by John F. Hanson, his
attorney, and the appellee by Frank O. Johnson.

"And thereupon came on to be heard the motion of the appellee to dis-
miss the appeal from the Probate Court of this County for the reason
that no bond had been given as required by the statute, which motion
was overruled by the Court and duly excepted to by the appellant.

"And thereupon came on to be heard the motion of the appellant for
an order requiring the Probate Court to cancel the letters of guardian-
ship issued by the Probate Court of said County and state to Frank O.
Johnson, which motion was by the court overruled and duly excepted to
by the appellant.

*In re* Linderholm, Petitioner.

"And thereupon came on to be heard the demurrer of the appellant to the petition for letters of guardianship filed by Agnes Ekblad, in the Probate Court of McPherson County, Kansas, which demurrer was duly overruled by the Court and duly excepted to by the appellant.

"The appellant was granted a stay of thirty days."

Linderholm alleges:

"That said appellant's Counsel submitted a form of journal entry of rulings on said matters, but the same was not signed by the said Judge, but on the contrary a form prepared by the opposing counsel was signed, the same not having been submitted to appellant's counsel, and no opportunity being given appellant or his counsel to be heard in the matter as provided by Rule No. 4 of said court."

Linderholm further alleges that when it was discovered that the journal entry had been filed, his counsel filed a motion to correct it, and asked that Judge King come into McPherson county to hear the motion. It has not been heard. Linderholm's application does not state wherein the journal entry is incorrect.

It appears that there was a difference between counsel as to what the journal entry should contain, and that counsel for Linderholm and opposing counsel each prepared a form of journal entry. These were submitted to Judge King, and he signed the journal entry prepared by opposing counsel.

On the oral argument before this court it appeared that F. O. Johnson, who, as counsel, opposed the motions and demurrers mentioned in the journal entry, had agreed that the files in the probate court in the insanity proceedings against Justus B. Linderholm might be introduced in evidence in the district court without identification. The ground of Linderholm's complaint appears to be that the journal entry does not recite the evidence or showing on which the judgment was based. It does not appear that Linderholm offered to introduce the files in evidence, nor does it appear that it was necessary for them to be introduced on the hearing of either of the motions. It was not necessary for the files to be introduced on the hearing of the demurrer; and it was not necessary for the journal entry to recite the showing that was made on the motions or the demurrer.

No reason appears why a writ of mandamus should issue to compel Judge R. L. King to correct the journal entry that was signed by him.

In this court Linderholm complains, and has on a number of occasions complained, of the adjudication of insanity against him. The statute provides an easy and effective method by which he can be declared sane. For some reason he prefers not to pursue that remedy.

The writ of mandamus is denied.