No. 27,138.

B. A. POORMAN, *Appellant*, v. GEORGE CARLTON, *Appellee*, and HELEN E. CARLTON, *Defendant*.

### SYLLABUS BY THE COURT.

1. INSANE PERSONS—*Lunacy Proceedings—Conclusiveness of Foreign Adjudication.* Under the provision of the constitution of the United States which requires that full faith and credit be given to the judicial proceedings of every other state, a judgment of a court of competent jurisdiction in Oklahoma declaring an Osage Indian an incompetent person and appointing a guardian for his estate, establishes the status of the Indian, which follows him into this state.

2. SAME—*Action Against Incompetent—Necessity of Service on Guardian.* In this state, jurisdiction in a civil action is not acquired of such a person as is described in the first paragraph of this syllabus without service of summons on his guardian where the latter is in this state at the time the action was begun.

3. JUDGMENTS—*Setting Aside Void Judgment.* A void judgment may be set aside on motion under section 60-3009 of the Revised Statutes.

4. INSANE PERSONS—*Appointment of Guardian—Jurisdiction.* The evidence of the record of a court proceeding in Oklahoma to declare an Osage Indian incompetent and to appoint a guardian for his estate has been examined, and it is held that the court had jurisdiction to render judgment.

5. APPEARANCE—*Special Appearance—What May Be Stated.* A motion by an incompetent person under guardianship, appearing specially, to set aside a

Appeal and Error, 4 C. J. p. 1341 n. 39. Conflict of Laws, 12 C. J. p. 460 n. 33. Insane Persons, 32 C. J. pp. 648 n. 28, 782 n. 77; 14 R. C. L. 568. Judgments, 34 C. J. pp. 269 n. 57, 319 n. 65, 320 n. 69.

Poorman v. Carlton.

judgment rendered against him, which for the purpose of the motion states how long he has been incompetent and under ·guardianship, does not constitute a general appearance.

Appeal from Sedgwick district court, division No. 1; J. Everett Alexander, judge. Opinion filed February 12, 1927. Affirmed.

*C. A. Matson, I. H. Stearns,* both of Wichita, *F. S. Jackson, Thomas C. Forbes, James E. Smith,* all of Topeka, and *E. H. Mattingly,* of Pawhuska, Okla., for the appellant.

*John T. Craig, A. M. Widdows* and *Frank T. McCoy,* all of Pawhuska, Okla., for the appellee.

The opinion of the court was delivered by

Marshall, J.: This is an appeal from an order setting aside a judgment in favor of the plaintiff and against the defendant George Carlton.

On November 26, 1921, the plaintiff commenced an action in replevin against George Carlton and Helen E. Carlton, the wife of the latter, to recover the possession of two automobiles on which the plaintiff claimed to have a chattel mortgage to secure the payment of a promissory note for $7,000. The property was taken under writs in replevin and was turned over to the plaintiff, who sold the automobiles and realized from the sale $1,700 which, after deducting the expenses of the sale, was indorsed on the note, leaving a balance due of $5,788.05. After the sale, a supplemental petition was filed by the plaintiff in which judgment against the defendants was asked for the unpaid amount on the note, together with interest thereon. Judgment was accordingly rendered against the defendants on May 17, 1924, for the sum of $6,907.86. Service of summons in the replevin action was made on Helen E. Carlton by delivering to her in Sedgwick county a copy of the summons, and was made on George Carlton by leaving a copy thereof at his usual place of residence in Wichita, in Sedgwick county, Kansas. George Carlton did not appear. On February 15, 1926, George Carlton, appearing specially, filed his motion to set aside the judgment rendered against him on May 17, 1924. He asked that the judgment be set aside on the ground, first, that the court was without jurisdiction of the person of George Carlton; second, that service of summons had not been made on him in Sedgwick county, Kansas, by leaving copy thereof at his usual place of residence, and that he never entered his appearance in that action; and third, that at the time of the execution of the

note and of the service of summons, he was an incompetent person, having theretofore been so adjudged by a court of competent jurisdiction and was then under guardianship, and that his guardian was not made a party and was not served with summons.

On November 6, 1920, George Carlton, an Osage Indian, allottee No. 1063, filed an application in the county court of Osage county, Oklahoma, for the appointment of a guardian for himself, a copy of which application was at that time filed with the Osage Indian agent. Afterward, George Carlton was adjudged incompetent, and on November 12, 1920, Helen E. Carlton, the defendant, wife of George Carlton, was appointed his guardian. On April 27, 1921, George Carlton and Helen E. Carlton, his guardian, filed an application in the county court of Osage county, Oklahoma, stating that George Carlton was then a competent person and should be restored to competency, and asking that he be restored to competency and the guardianship be. closed. On January 30, 1922, an order was made by the county court of Osage county declaring that George Carlton was then a competent person, restoring him to competency, and directing Helen E. Carlton, the guardian, to make full settlement with him.

The court set aside the judgment against George Carlton.

1. The principal question for determination is the effect to be given to the judgment of the county court of Osage county, Oklahoma, declaring that George Carlton was an incompetent person and appointing a guardian of his estate.

Section 1 of article 4 of the constitution of the United States in part, reads:

"Full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state."

That constitutional provision covers all judicial proceedings; it therefore applies to proceedings to inquire into the mental competency of a person within the jurisdiction of the court and to appoint a guardian for a person found to be incompetent. The judgment of the court in Oklahoma established the status of George Carlton, and that status attached to him in this state, at least until a competent court, having jurisdiction of him, declared him to be *compos mentis*. Full faith and credit cannot be given to the judgment of the Oklahoma court unless that judgment is recognized as a valid and binding one in this state.

In 32 C. J. 648 this language is used:

"An inquisition of lunacy found in a sister state or a foreign country is entitled to the same faith and credit as it receives in the state or country where it was found, as to the issues decided."

In 12 C. J. 459 it is said:

"Under the general rule that the law of the domicile governs as to the status of a person and the disposition and management of his movable property, the domicile of an infant is regarded as the fittest place for the appointment of a guardian of his person and estate.

2. Did the district court of Sedgwick county acquire jurisdiction of George Carlton? His guardian, as such, is not a party to this action and no service of summons was made on her as such guardian.

Section 60-408 of the Revised Statutes, in part, reads:

"In any proper case service may be made on minors, insane and other incompetent persons by a summons personally served or by publication notice as provided in this code, the same as upon other persons defendants in action. If there be a natural or legally appointed guardian for such minor, insane or incompetent person, service shall also be made in the same manner upon such guardian."

In *Marquis v. Wiren,* 74 Kan. 775, 87 Pac. 1135, the court declared that—

"A judgment rendered against an insane person upon personal service made after he had been adjudged insane, and before a guardian has been appointed, is void, and should be set aside upon application made in the original action by the guardian of his person and estate."

In *Weedman v. Fowler,* 84 Kan. 75, 78, 113 Pac. 390, the following language is found:

"As was said in *Marquis v. Wiren,* 74 Kan. 775: 'There is but one way for a court to obtain jurisdiction of an insane person, and that is by having the process served on his guardian.' (p. 777.) To the same effect is *Foran v. Healy,* 73 Kan. 633."

It follows that the district court of Sedgwick county did not acquire jurisdiction to render any judgment against George Carlton.

3. The plaintiff contends that George Carlton should have proceeded under section 60-3011 of the Revised Statutes. That section, so far as applicable, reads:

"The proceedings to vacate or modify the judgment or order on the grounds mentioned in subdivisions four, five, six, seven, eight and nine of section 596 shall be by petition verified by affidavit, setting forth the judgment or order, the grounds to vacate or modify it, and the defense to the action, if the party applying was defendant."

'The pertinent parts of section 60-3007 of the Revised Statutes, section 596 of the code of civil procedure, are subdivisions five and eight, which read:

"Fifth. For erroneous proceedings against an infant, or a person of unsound mind, where the condition of such defendant does not appear in the record, nor the error in the proceedings."

"Eighth. For errors in a judgment, shown by an infant in twelve months after arriving at full age."

Sections 60-3007 and 60-3011 apply to voidable or erroneous judgments, not to void judgments. George Carlton proceeded under section 60-3009, which reads:

"A void judgment may be vacated at any time, on motion of a party or any person affected thereby."

The judgment against George Carlton was void. He proceeded in the proper manner to set it aside. Citation of authorities, other than the statute, is unnecessary.

4. The plaintiff contends that "the proceedings for the appointment of a guardian being void should not have been considered, and being the only evidence of incompetency produced, the court should have found against the defendant on that issue." The record discloses that the Oklahoma court had jurisdiction of the proceeding pending before it and of the person of George Carlton. The matters urged by the plaintiff go to the regularity of the proceeding in that court, not to its jurisdiction, although the plaintiff argues that they show the court had no jurisdiction. It is not necessary to discuss this matter to any greater extent.

5. Another matter presented by the plaintiff is that "the motion to set aside the judgment raised an issue which is nonjurisdictional in nature, constituting a general appearance and should have been overruled." This is based on the following language contained in the motion of George Carlton:

"That at the time of the execution of the note and mortgage sued upon in said cause, and at the time of the alleged service of summons, this movant was an incompetent person, having been theretofore so adjudged by a court of competent jurisdiction. That at said time he was under guardianship."

This matter was not set out in the motion for the purpose of stating a defense to the note; it was set out for the purpose of showing the length of time George Carlton was incompetent and under guardianship. In *Shearer v. Insurance Co.*, 106 Kan. 574, 189 Pac. 648, the court said:

"A general appearance is not effected by the insertion, in a motion to set

aside the service of summons, of allegations concerning some of the facts on which the plaintiff's claim is founded, which are made because of their bearing upon the validity of the service, and which are material to that question." (Syl. ¶ 2.)

The motion did not constitute a general appearance in the action. The judgment is affirmed.