No. 29,535.

The Missouri State Life Insurance Company, *Appellee*, v. Clarence A. Butts, as Administrator of the Estate of Benjamin F. Willis, Deceased, and as Guardian of Benjamin Willis et al., Minors, *Appellant*.

(293 Pac. 499.)

Opinion filed December 6, 1930.

*G. H. Terrill,* of Elkhart, and *John C. King,* of Liberal, for the appellant. *Oscar Perkins,* of Elkhart, for the appellee.

The opinion of the court was delivered by

Dawson, J.: This was an action to foreclose a mortgage on a quarter section of land, and the question to be reviewed pertains to the sufficiency of the service on certain defendants who were barred by the judgment entered in plaintiff's behalf.

The note and mortgage were executed by Benjamin F. Willis and Oma E. Willis, his wife. Ere the obligation fell due Benjamin died, leaving seven minor children all under fourteen years of age; also his widow, who has since remarried and now appears in the record as Oma E. Hubbard. Clarence A. Butts, a brother of Oma, was appointed administrator of the estate of Benjamin and also as guardian of the property and persons of the seven minor children of Benjamin, to wit, Frank, Hazel, Edith, Katherine, Arthur, Pearl and Minnie Alice.

A summons was issued for Oma E. Hubbard, mother of the seven children, naming them, and also for Clarence A. Butts, guardian of the property and persons of the seven children, again naming them. The sheriff made return thereon showing that he had made service by delivering a copy to Oma E. Hubbard, mother of the seven children,

naming them, and also to Clarence A. Butts, guardian of the property and persons of those children, again naming them. Another summons was issued for service on the minor defendants themselves, naming them, and also for service on Oma E. Hubbard and —— Hubbard, her husband, and return was made thereon showing that service was made on each of the minor children personally.

No appearance was made or answer filed by any of the defendants. Judgment was entered for plaintiffs on September 7, 1927, and foreclosure of the mortgage was decreed. On September 17, 1927, an order of sale was issued, and after due publication the land was sold on October 24, 1927, and bid in by the plaintiff. The sale was confirmed on December 16, 1927.

Sometime thereafter in 1929, date not shown, while the land was still the property of the plaintiff, the seven minor children, by Clarence A. Butts, their legal guardian, made a special appearance in the district court for the single purpose of presenting a motion to set aside the judgment and foreclosure sale and all other proceedings had thereunder, for the alleged reason that the court had no jurisdiction of the minors or any of them and no jurisdiction to render judgment against them or to order the sale of the property in foreclosure, and—

"As ground for this motion, these defendants state that at the time of the filing of said suit they were and are now, minors, and that summons against these defendants was not served upon their natural or legal guardian, as required by law."

The trial court overruled the motion and this appeal is taken therefrom.

Counsel for appellant cite the provisions of the code covering the requirements for service of summons upon minors. The statute (R. S. 60-408) says they may be served personally the same as upon other persons. The sheriff's return to the second summons shows that the seven minors were thus served in this action. The same statute also says that if there be a natural or legally appointed guardian for such minors service shall also be made in the same manner upon such guardian. In this case Clarence A. Butts was the legal guardian of these minors and the first summons and the sheriff's return thereon show that he, too, was properly served with summons. Indeed, if the service of summons on Clarence A. Butts as guardian of the property and persons of the seven minors could be said to be defective for any reason, the special appearance which

he later made in their behalf as guardian of their property and persons to have the judgment in foreclosure set aside would be equally defective, and the time of the court would thus be wasted in sheer futility.

The suggestion is made that the summons served on Clarence A. Butts, as guardian of the property and persons of the minors, did not apprise him explicitly that his wards had been sued. It has been held that where no money judgment is sought against defendants it is not necessary that the summons should state the contents of the petition nor the nature of the cause of action. (*Miller v. Miller*, 107 Kan. 505, 192 Pac. 747.) The summons did apprise him of the fact that an action had been brought which might need his attention in his official and fiduciary capacity as guardian of the property and persons of his wards. That was enough to satisfy the statute when the other requirement of the code—personal service upon each of the minors themselves—had been obtained. The court is bound to presume that when Clarence A. Butts, as guardian of the property and persons of his seven wards, was served with summons he did what his duty required of him and investigated the nature of the action and found that no personal judgment was sought against his wards, that the action was *in rem* so far as they were concerned, that there was no defense to plaintiff's action which he could plead in their behalf, and that it would be improvident to incur any expense to be paid out of his wards' property as well as unjust to resist, hinder or delay the foreclosure.

Counsel for appellants direct our attention to our rulings in *Martin v. Battey*, 87 Kan. 582, 125 Pac. 88, and *Poorman v. Carlton*, 122 Kan. 762, 253 Pac. 424. Nothing discoverable in rereading those decisions, however, suggests any defect in the service of process which would vitiate the jurisdiction of the trial court in the instant case.

The judgment is affirmed.