No. 33,307

JUSTUS B. LINDERHOLM, *Appellant,* v. THE STATE OF KANSAS, *Appellee.*

(69 P. 2d 689)

Opinion filed July 10, 1937.

*Justus B. Linderholm,* of Topeka, *pro se.*

*Clarence V. Beck,* attorney general, *J. S. Parker,* assistant attorney general, and *Archie T. MacDonald,* county attorney, for the appellee.

The opinion of the court was delivered by

THIELE, J.: This action was brought to vacate a judgment of insanity. From an order of the trial court dismissing the action plaintiff appeals.

In a proceeding commenced in the probate court of McPherson county, Justus B. Linderholm was adjudged to be insane on December 17, 1908. On appeal a similar finding was made in the district court on March 20, 1909. Thereafter an appeal was taken to this court and the judgment was affirmed. (*State v. Linderholm*, 84 Kan. 603, 114 Pac. 857.) A rehearing was denied. (*State v. Linderholm*, 84 Kan. 892, 114 Pac. 857.) Thereafter there was a series of appeals to this court involving the regularity of the lunacy proceedings against Linderholm and results flowing therefrom. (See *State v. Linderholm*, 90 Kan. 489, 135 Pac. 564; *Linderholm v. Ekblad*, 92 Kan. 9, 139 Pac. 1015; *State v. Linderholm*, 95 Kan. 669, 149 Pac. 427; *Linderholm v. Kansas Conference*, 97 Kan. 212, 155 Pac. 24; *In re Linderholm*, 101 Kan. 18, 165 Pac. 830; *Ekblad v. Linderholm*, 102 Kan. 3, 169 Pac. 555; *Linderholm v. Walker*, 102 Kan. 684, 171 Pac. 603.) The last appeal was disposed of in March, 1918. Long after the above appeals were determined, Linderholm instituted proceedings in the probate court to be declared to have been restored to his right mind, and on January 25, 1934, a finding and order to that effect was made.

On January 25, 1936, Linderholm brought an action by filing a petition containing six so-called causes of action, and to which were later added three more so-called causes of action. The gist of all was an effort to set aside all of the proceedings in lunacy. The petitioner is not a lawyer and his petition contains more of argument than of statement of facts, but the purport is that his mental development was arrested by disease prior to the age of puberty, and because thereof he was not insane, citing G. S. 1935, 76-1203, and therefore he was never lawfully found to be insane.

The abstract does not disclose in what manner the plaintiff procured any service of summons, but the county attorney appeared specially and moved the court to dismiss the action on the ground that it was in substance and effect an action against the state of Kansas, and that the trial court had no jurisdiction. This motion was sustained and the plaintiff appeals to this court.

Appellant does not contend there is any statute that permits

an action of this type against the state. If there is no such statute, then the action will not lie. (See *Asbell v. State,* 60 Kan. 51, 55 Pac. 338; *State v. Appleton,* 73 Kan. 160, 84 Pac. 753; and *Purity Oats Co. v. State,* 125 Kan. 558, 264 Pac. 740.)

Appellant contends, however, that what he filed was an application in the original cause. If that be true, and the judgment of insanity was void, then under *Marquis v. Wiren,* 74 Kan. 775, 87 Pac. 1135, it should have been set aside.

An examination of the document filed by appellant, whether it be called a petition, as the state contends, or an application in the original cause, as appellant contends, shows that what appellant now desires to do is to retry the question of his sanity. In the pleading is the statement that he is proceeding under G. S. 1935, 60-3007, subdivision *fifth,* which permits vacation of a judgment for erroneous proceedings against a person of unsound mind where the condition of the defendant does not appear in the record nor the error in the proceedings. Although the pleading is not consistent in all its parts, in that in part it seeks to show the judgment of insanity was erroneous because of the admission of certain evidence, or the exclusion of other evidence, and in other parts to show the judgment was absolutely void as being beyond the jurisdiction of the court, each part is offset and contradicted by statements contained in the pleading. The only interpretation we can put on it is that by proceeding under it appellant hopes to review all proceedings had with respect to his sanity, and as a result thereof to have a judicial declaration he never was insane, and that all such prior judgments to that effect should be set aside. What is sought is to expunge from the records of the various courts wherein they were rendered all judgments finding appellant to be insane. Appellant, although showing he applied to the probate court for and ultimately procured an order finding himself to have been restored to his right mind, fails to consider that this is of itself a recognition of the validity of the finding of insanity. Without pursuing the subject further, we have concluded that appellant's pleading does not constitute an application to set aside a voidable judgment on any statutory grounds, nor to set aside a void judgment, but in effect is an independent action against the state to which it has not given its assent to be sued, and that the trial court properly sustained the motion to dismiss.

The order of the trial court is sustained.