### THE STATE OF KANSAS v. CLIFF McCARLEY.
#### No. 14,850.   (87 Pac. 743.)

1. INDIRECT CONTEMPT—*Jurisdiction of Defendant in Injunction Suit.* The fact that no summons was issued in a suit to enjoin the maintenance of a liquor nuisance, where defendant's counsel appeared and was present when the injunction order was entered, was said to afford no ground for the dismissal of a proceeding for indirect contempt.

2. ——— *Affidavit and Attachment—Proof—Variance—Notice of Offense Charged.* An attachment was issued against defendant for violating an injunction. The court found defendant guilty of contempt upon evidence other than that upon which the attachment was issued. The accusation charged a different offense from the one mentioned in the first affidavit, but the hearing was continued for several weeks. Judgment affirmed.

Appeal from Allen district court; OSCAR FOUST, judge. Opinion filed November 10, 1906. Affirmed.

*C. C. Coleman,* attorney-general, and *Burton E. Clifford,* county attorney, for The State.

*Chris Ritter,* for appellant.

The State v. McCarley.

*Per Curiam:* Appellant was found guilty of contempt of court in keeping a place where intoxicating liquors were sold in violation of an injunction granted by the district court. From a sentence of sixty days in jail and a fine of $300 he appeals.

The judgment in the injunction case was rendered May 27, 1905. Complaint is made that the court should have dismissed the contempt proceedings because no summons was issued in the original suit. Appellant, however, appeared by counsel, who was present when the judgment enjoining him from maintaining the nuisance was entered, and the record shows a valid judgment, which was not appealed from.

The principal contention is that there was a fatal variance between the charge upon which the proceedings in contempt were begun and the proof upon which the court found the appellant guilty of contempt. On October 14, 1905, an affidavit of George B. Boyd was filed in the district court, setting forth that on October 11 he purchased a bottle of beer at the Senate cigar-store, on the premises described in the injunction. No person was named in the affidavit as having sold the liquor.

On October 17 the district court issued an attachment for McCarley, charging him with violating the order of injunction. He was brought before the court on the same day and an accusation was immediately filed, verified by the county attorney, setting forth the injunction of May 27, and alleging that afterward one S. C. Meador purchased from appellant intoxicating liquor on the premises described in the injunction. Another affidavit by R. H. Bennett charged a sale to S. C. Meador on August 17. The record fails to show when this affidavit was filed, but it was verified before the clerk September 22, and it appears from the judgment that it was filed on or before the 17th day of October.

The contempt proceedings were continued several times. Appellant filed his answer November 29, attacking the validity of the injunction because it had been granted without evidence, and also claiming that the affidavit upon which the attachment issued failed to charge that he had any connection with the sale to Boyd. On December 5 the hearing was had, and S. C. Meador testified that he purchased intoxicating liquor from appellant on the premises after the date of the injunction and prior to October 17. Several witnesses were examined, a number of whom testified that they had purchased from appellant intoxicating liquors on the premises in question at various times subsequent to the injunction. George B. Boyd was not a witness.

The chief objection presented is that the court, having issued an attachment against appellant upon an affidavit charging a violation of an injunction by a sale of liquor at a certain time to a certain person, could not, in the same proceedings, inquire into other and further violations of the injunction. The objection is technical. The accusation charged a different offense from the one mentioned in the first affidavit, but the hearing was continued for several weeks, so that appellant was informed of the nature of the charge. If he had been compelled to go to trial at once upon the offense charged in the accusation he might, with some reason, complain that it was not the same violation which the prosecutor had in mind when the warrant issued, and against which he was expected to defend. Appellant was entitled to know the nature of the charge against him and to have an opportunity to make his defense. His rights were fully protected in these respects. He was given a fair trial. The evidence clearly established that he was guilty of repeated violations of the injunction.

The judgment is affirmed.