The State v. Sides.

No. 19,907.

THE STATE OF KANSAS, *Appellee*, v. WILLIAM SIDES (alias for William Briggs), *Appellant*, et al.

SYLLABUS BY THE COURT.

1. INTOXICATING LIQUORS—*Permanent Injunction—Notice to Defendant—Contempt Proceedings.* ,Formal service of notice that a party had been permanently enjoined from committing a public offense is not essential to the maintenance of a contempt proceeding brought against him for the violation of the injunction, where he had personal notice of the temporary injunction, which was subsequently made permanent, and participated in the trial of that proceeding, and also where his attorney was present when the permanent injunction was ordered.

2. SAME—*Defendant Not Entitled to Jury Trial.* In the proceeding to punish a violation of the judgment of injunction the defendant was not entitled to a trial by jury.

3. SAME—*Finding Sustained by the Evidence.* The testimony held to be sufficient to support the finding that the defendant was guilty of contempt.

Appeal from Shawnee district court, division No. 1; ALSTON W. DANA, judge. Opinion filed May 8, 1915. Affirmed.

*W. Herbert Jamison,* and *W. I. Jamison,* both of Topeka, for the appellant.

*S. M. Brewster,* attorney-general, and *W. E. Atchison,* county attorney, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: William Briggs, alias William Sides, appeals from a judgment of the district court of Shawnee county finding him guilty of contempt and sentencing him to pay a fine of $500 and to be imprisoned in the county jail for a period of six months. It appears that on October 29, 1913, Briggs and his wife

The State v. Sides.

were temporarily enjoined from keeping and maintaining a liquor nuisance at a place known as 314 Quincy street in Topeka. On April 11, 1914, this injunction was made permanent. On September 8, 1914, an accusation in contempt was filed against Briggs and his wife, and on the trial Briggs was found guilty. His motion for a new trial was overruled.

On this appeal defendant's main contention is that no notice of the permanent injunction was served upon him. Although he testified that permanent injunction papers were not served upon him, it is admitted that he did have notice of the temporary injunction, and it appears that that injunction was never dissolved or set aside. On the contrary, it was continued and made permanent. At the close of the testimony the court took the matter under advisement and announced its judgment at a later time. Defendant attended the trial of the injunction case, and in the judgment entry it is recited that his attorney was present when the judgment was rendered. It is clear, therefore, that he had sufficient notice of the injunction. (*The State v. McCarley,* 74 Kan. 874, 87 Pac. 743; *The State v. Porter,* 76 Kan. 411, 91 Pac. 1073; *The State, ex rel., v. City of Coffeyville,* 90 Kan. 164, 133 Pac. 711.)

Defendant complains that his demand for a jury trial of the charge of contempt was refused. It is well settled that a jury trial can not be demanded as a matter of right in a proceeding of this character. (*The State, ex rel., v. Durein,* 46 Kan. 695, 27 Pac. 148; *The State v. Thomas,* 74 Kan. 360, 86 Pac. 499.)

The defendant challenges the sufficiency of the testimony upon which the judgment rests, but does not abstract it. The transcript has been obtained and the testimony contained in it has been examined, and it is found to be amply sufficient to uphold the judgment.

There is nothing substantial to the objections to rulings of the court on the admission of testimony nor

in the point that the defendant was cited to appear in one division of the court and the trial was subsequently had in the other division. The trial was had in the district court in which the defendant was cited to appear.

No error is apparent in the record and the judgment of the district court is affirmed.