No. 29,384.

A. L. HALL, as Father and Next Friend of DORIS HALL, a Minor, *Plaintiff*, v. SHELBY C. BROWN, as Judge of the District Court of the Seventh Judicial District, *Defendant*.

(284 Pac. 396.)

Opinion filed February 8, 1930.

*Harold Medill* and *Joe W. Moss*, both of Independence, for the plaintiff.

*William A. Smith*, attorney-general, *Roland Boynton*, assistant attorney-general, *A. A. Nattier*, county attorney, *W. H. Edmundson* and *Le Roy Bradfield*, city attorneys, *James M. Kennedy*, *J. T. Cooper*, *E. D. Mikesell*, *J. L.*

*Stryker,* all of Fredonia, *W. N. Banks, O. L. O'Brien* and *Walter McVey,* all of Independence, for the defendant.

The opinion of the court was delivered by

MARSHALL, J.: On September 23, 1929, a petition was filed in the juvenile court of Wilson county, charging that Doris Hall, then under sixteen years of age, on or about September 21, 1929, violated the laws of the state of Kansas and the ordinances of the city of Neodesha; that she unlawfully used intoxicating liquor; that she remained out late at night; that she was incorrigible; that she knowingly associated with thieves, vicious and immoral persons; that she was growing up in idleness and crime and knowingly patronized pool rooms and places where gambling devices were operated. The matter was heard in the juvenile court, and on October 28, 1929, Doris Hall was adjudged to be a delinquent child and was ordered committed to the industrial school for girls at Beloit. From that order she appealed to the district court, where she and her parents demanded a jury trial on the charges filed against her. That was denied by the court. This action was then commenced to compel the defendant, as judge of the district court of Wilson county, to grant to Doris Hall a jury trial on the charge contained in the petition filed against her.

The plaintiff argues that this is a criminal proceeding, or one that is quasi criminal, and, because of the nature of the charges against her and because she may be restrained of her liberty if found to be a delinquent child, she is entitled to a jury trial. The complaint did not charge the commission of any crime. The nearest approach to a criminal charge was that she unlawfully used intoxicating liquor. How is not alleged. The statutes of this state do not make it a crime to use intoxicating liquor. It may be wrong to do so, but it is not a crime. If Doris Hall had been charged with the commission of a crime and the state had attempted to convict her of its commission for the purpose of having her punished therefor, a different question would be presented.

A close parallel to the proceeding against a delinquent child is one against a person charged with being insane. An insane person may be restrained of his liberty, but is not entitled to a jury trial as a matter of right. The committee, often called a jury in proceedings to inquire into the sanity of a person, is under the law em-

powered to inquire into that person's sanity; but the jury, when it consists of a less number than twelve, is not such a jury as is mentioned in the constitution of this state.

In 35 C. J. 144 we read:

"The term 'jury' when used without any qualification, addition, or prefix imports a body of twelve men. This was the meaning of the term at common law, and, unless otherwise provided, constitutional provisions guaranteeing or preserving the right to trial by jury have uniformly been construed as contemplating a jury of this number."

In *State v. Simons,* 61 Kan. 752, 60 Pac. 1052, we read:

"When . . . it was declared that 'the right of trial by jury shall be inviolate,' a trial by a jury of twelve was meant, because that, and no other, was and always had been the constituent number." (p. 754.)

In *State v. Linderholm,* 84 Kan. 603, 114 Pac. 857, this court declared that—

"The statute providing for a jury, in lunacy inquests, of four persons, one of whom must be a physician (Gen. Stat. 1909, § 8470), does not violate the right to a jury trial which is guaranteed by the constitution.

"On appeal from the probate court to the district court the nature of a lunacy proceeding is not changed and the jury provisions of the civil and criminal codes are not applicable." (Syl. ¶¶ 1, 2.)

Another case is *In re Johnson,* 92 Kan. 59, 139 Pac. 1161, a proceeding to set aside and vacate proceedings in the probate court to inquire into the sanity of Johnson, which was appealed to this court from the district court. In the opinion in that case this court said:

"The proceeding was not a trial, but an inquest, to which the constitutional provision for jury trials does not apply." (p. 62.)

*State, ex rel., v. Herbert,* 96 Kan. 490, 152 Pac. 667, was a bastardy proceeding, and the court said:

"In a proceeding of this kind, the defendant is not entitled to a jury trial as a matter of right, and its denial was not error." (Syl. ¶ 2.)

One proceeded against for contempt for violating an injunction enjoining him from maintaining a nuisance in violation of the intoxicating liquor laws of this state is not entitled to a trial by jury. (*State, ex rel., v. Durein,* 46 Kan. 695, 27 Pac. 148; *State v. Thomas,* 74 Kan. 360, 86 Pac. 499; *State v. Johnston,* 78 Kan. 615, 97 Pac. 790; *State v. Sides,* 95 Kan. 633, 148 Pac. 624; *State, ex rel., v. Howat,* 109 Kan. 376, 198 Pac. 686.)

The proceeding by which a delinquent and neglected child under

sixteen years of age is placed under the care of the state is a statutory one, not found in common law. This court has said that under proceedings purely statutory, a jury trial is not a matter of right. (*Rich v. Bowker*, 25 Kan. 7, 12; *Swarz v. Ramala*, 63 Kan. 633, 636, 66 Pac. 649.)

A proceeding against a delinquent and neglected child is not a criminal one. It is an inquiry to ascertain whether the child shall be placed under the direct and immediate control of the state for the good of the child, in securing for it proper nurture, training and education, not for the purpose of punishing it for any acts that it ought not to have committed. (*State v. Dunn*, 75 Kan. 799, 90 Pac. 231; *State v. Dubray*, 121 Kan. 886, 250 Pac. 316.) The judgment of the district court is not a punishment for crime committed; it is a finding of fact on which action for the good of the child is based. (*In re Turner*, 94 Kan. 115, 116, 145 Pac. 871.) When such a case has been appealed to the district court that court exercises the same power of inquiry that was possessed by the juvenile court before the proceeding was appealed to the district court. After the finding has been made by the district court, further action in the proceeding must be taken by the juvenile court. (*State v. Dubray*, 121 Kan. 886, 894, 250 Pac. 316.)

It is argued that the parents of Doris Hall have the right to be heard in this action in this court. They are not parties to this action. It is by Doris Hall, through her father as her next friend. He controls the action for her, but has no right to be heard for himself.

It follows that the writ should not issue.

HARVEY, J. (concurring specially): I concur in the judgment of the court and in the opinion in so far as it applies to the charge of delinquency made in this case. However, I am not now willing to say that if the charge of delinquency were the commission of an offense, particularly a felony such as arson or homicide, that the person charged with being a delinquent would not be entitled, on appeal to the district court, to a jury trial to determine the fact of delinquency.