No. 40,456

THE STATE OF KANSAS, *Appellee,* v. LEE ROSCOE LOONEY, *Appellant.*

(312 P. 2d 212)

Opinion filed June 8, 1957.

*George E. Grist,* of Wichita, argued the cause and was on the briefs for the appellant.

*Warner Moore*, County Attorney, of Wichita, argued the cause and *John Anderson, Jr.*, Attorney General, of Topeka, and *Keith Sanborn, R. K. Hollingsworth, Nicholas W. Klein, Guy L. Goodwin*, Deputy County Attorneys, all of Wichita, were with him on the briefs for the appellee.

The opinion of the court was delivered by

HALL, J.: This is an appeal from an order overruling a motion for new trial on the basis of newly discovered evidence and the refusal of the court to set aside a criminal verdict.

Although the facts of this appeal are unusual the legal questions involved are not of first impression in Kansas or other jurisdictions.

The defendant, Lee Roscoe Looney, was tried and convicted in the district court of Sedgwick County, Kansas, of the crime of robbery in the first degree. The verdict was returned on April 5, 1956. Thereafter the defendant filed a motion for a new trial which was heard and overruled on April 12, 1956. Defendant was sentenced to serve 10 to 21 years in the State Penitentiary at Lansing, Kansas, and duly committed to said institution. After beginning his sentence, the defendant became acquainted with another prisoner by the name of Aaron Edwin Warren. Warren wrote a confession that he committed the crime of robbery on which the defendant had been convicted.

On May 29, 1956, the defendant filed a second motion for new trial based upon newly discovered evidence. The alleged new evidence was the written confession under oath of Aaron Edwin Warren. The defendant and Warren were brought from the penitentiary before the district court in Wichita, June 18, 1956, for the hearing of defendant's motion for new trial based on newly discovered evidence and oral motion to set aside the verdict. It should be specially noted that these motions were made within the term of court of defendant's conviction and sentence.

Upon the hearing of the motions the court allowed Aaron Edwin Warren to be called and examined. The court also admitted his written confession.

The court overruled the motions for lack of jurisdiction following *State v. Carte*, 157 Kan. 139, 138 P. 2d 429.

This judgment is specified as error.

The rule is well settled in this state that when a valid judgment and sentence has been rendered in a criminal case the court has no jurisdiction after the sentence has been executed, in whole or in part, to set it aside and impose a new sentence, even though the

sentence be reduced and the court acts within the term, following *Parks v. Amrine,* 154 Kan. 168, 117 P. 2d 586; *State v. Carte,* supra; *State v. Nichols,* 167 Kan. 565, 207 P. 2d 469.

In the Carte case the court said:

"Following *Parks v. Amrine,* 154 Kan. 168, 117 P. 2d 586: When a valid judgment and sentence has been rendered in a criminal case the court has no authority after the sentence imposed has been served, in whole or in part, to set it aside and impose a new sentence, even though this be done at the same term of court." (Syl. 3.)

See, also, *In re Beck,* 63 Kan. 57, 64 Pac. 971; *The State v. Meyer,* 86 Kan. 793, 122 Pac. 101, 40 LRANS 90, Ann. Cas. 1913C 278; *Parks v. Amrine,* supra; *State v. Carte,* supra; *In re Black, Petitioner,* 52 Kan. 64, 34 Pac. 414, 39 Am. St. Rep. 331; *State v. O'Keith,* 136 Kan. 283, 15 P. 2d 443.

In this respect Kansas follows the weight of authority among the states (15 Am. Jur., Criminal Law, §§ 473-476; 24 C. J. S. Criminal Law §§ 1588 and 1589; 168 A. L. R. 706).

The federal courts, following *United States v. Benz,* 282 U. S. 304, 75 L. ed. 354, 51 S. Ct. 113, and a few state courts permit the alteration of a valid sentence, during the term in which it is pronounced, for the purpose of decreasing or mitigating it. Practically all courts allow substitution of a valid sentence for one that is void. (*State v. O'Keith,* supra.)

The reason for the rule which denies the trial court the right to change a criminal sentence, after the person convicted has been committed and has entered upon the execution thereof, varies among the jurisdictions. Insofar as an attempt to increase a sentence is concerned, the constitutional guarantees of protection of persons from double punishment and for being put twice in jeopardy for the same offense are applicable. Where the sentence is decreased after imposed and partially executed, some jurisdictions hold the change to be an invasion of the executive pardoning power or power of commutation.

The real basis for the rule, however, appears to be that the jurisdiction of the trial court comes to an end when the person convicted is committed to jail or prison pursuant to the sentence imposed and enters upon the execution thereof. The Kansas cases generally follow this reasoning. The Carte case held that there is no reason to distinguish between a new sentence which increases or diminishes an old sentence. The court simply lacks jurisdiction to act.

In the case at bar, the court correctly held that it should follow *State v. Carte*, supra. It had no jurisdiction to set aside the verdict against the defendant.

For a similar rule which our court follows in habeas corpus cases see *Martin v. Edmondson*, 176 Kan. 374, 270 P. 2d 791.

Defendant also takes the position that the question in this appeal is not alone the matter of whether the court had jurisdiction to bring the defendant back from the penitentiary and impose a new and different punishment, but more important, whether the court retained jurisdiction to grant a new trial based on newly discovered evidence, citing *State v. Keleher*, 74 Kan. 631, 87 Pac. 738; and *The State v. Meyer*, supra.

Defendant further contends that a motion for new trial is an exception to the general rule discussed in this opinion citing 24 C. J. S. Criminal Law § 1588. Defendant also cites G. S. 1949, 62-1414 which provides:

"Verdicts may be set aside and new trials awarded on the application of the defendant; . . ."

And G. S. 1949, 62-1603 which provides:

"The court may grant a new trial for the following causes, or any of them:
"First . . . for newly discovered evidence."

Under these authorities and sections of the code of criminal procedure, the defendant had every right to apply for a new trial on the ground of newly discovered evidence.

However, the defendant's position overlooks G. S. 1949, 62-1604 which provides as follows:

"The application for a new trial must be made before judgment."

In this case, defendant filed his first motion for new trial before judgment but this appeal is based upon his subsequent and second motion for new trial filed May 29, 1956, after judgment and sentence on April 12, 1956. Under these circumstances G. S. 1949, 62-1604 must apply. Thereafter the court neither retained nor had jurisdiction for the purpose of granting a new trial upon newly discovered evidence or any other ground (*State v. Carte*, supra; *State v. Nichols*, supra).

The judgment is affirmed.