No. 46,159

STATE OF KANSAS, *Appellant*, v. LAWRENCE HEMMINGER, *Appellee*.

(483 P. 2d 1096)

Opinion filed April 10, 1971.

*Larry Kirby*, deputy county attorney, argued the cause, and *Kent Frizzell*, attorney general, and *Keith Sanborn*, county attorney, were with him on the brief for the appellant.

*Ray Hodge*, of Beaty, Hodge and Wood, of Wichita, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

HARMAN, C.: This is an appeal by the state from an order granting defendant's motion for new trial filed after he was sentenced upon his conviction by a jury of the offense of first degree robbery.

We first recite chronologically the pertinent facts.

On September 20, 1964, two men held up a Farha Red Bud supermarket in Wichita. Later, a complaint was filed charging appellee Lawrence Hemminger and his nephew, Harold M. Hemminger, with commission of this offense. After their arrest in Arizona upon other charges Lawrence and Harold were identified by two employee victims of the robbery from pictures and they were again identified by the two victims while incarcerated in Springfield, Missouri. (Harold was tried and convicted in March, 1968, for this offense, which conviction was upheld in *State v. Hemminger,* 203 Kan. 868, 457 P. 2d 141, cert. den. 396 U. S. 1045, 24 L. ed. 2d 689, 90 S. Ct. 696.)

February 10, 1970, appellee was convicted by a jury of the Red Bud robbery. February 13, 1970, he filed his motion for new trial. On March 12, 1970, this motion was heard and overruled. On March 17, 1970, the trial court sentenced appellee under the habitual criminal act to a term of not less than twenty nor more than forty-two years and appellee was thereafter committed to the state penitentiary pursuant to that sentence. At the time sentence was pronounced appellee stated he desired to appeal to this court and present counsel was appointed by the trial court to represent him. A journal entry formalizing the sentence was filed in the office of the clerk of the trial court on April 8, 1970. On April 9, 1970, appellee's notice of appeal was filed in this court and docketed as case No. 46,067.

On April 14, 1970, appellee filed in the trial court an instrument denominated "Motion For Reconsideration For a New Trial" in which he asked for a new trial on the ground:

"That newly discovered evidence has been located in one Terry L. Houser, an employee at the Red Bud Farha Store on September 20, 1964, and attached hereto is his sworn affidavit stating that this defendant Lawrence Hemminger is not the man who perpetrated and committed the armed robbery."

On April 28, 1970, the trial court conducted a further hearing at which it received the testimony of Terry Lee Houser, one of three employees who were held up at gunpoint in the Red Bud robbery. Appellee was not present at this hearing. The testimony of Houser was to the effect that, based upon his viewing of a photograph of appellee taken in 1967, appellee was not one of the robbers. The trial court continued hearing of the motion to June 22, 1970.

On May 22, 1970, appellee filed his motion in this court for an order remanding his appeal in case No. 46,067 to the trial court

to hear a motion for new trial based on newly discovered evidence. On May 27, 1970, this court granted the motion.

On June 22, 1970, appellee having been ordered by the trial court returned from the penitentiary and being present, that court granted the motion for new trial. By way of questions reserved, the state appeals from that order (K. S. A. 62-1703, *third*). Meanwhile, upon application of the state, this court stayed the trial court's order granting a new trial pending disposition of the appeal upon its merits.

The questions reserved present for review the jurisdiction of the trial court to grant a new trial after having sentenced appellee, whether the Houser testimony was newly discovered evidence and whether due diligence had previously been used to obtain it.

We first consider the jurisdictional question. At the time the trial court heard testimony on the second motion for new trial the following colloquy in connection with fixing the date for further hearing as June 22, 1970, occurred:

"THE COURT: Now, we figured out calendarwise that I'm well within my 120 days, didn't we?

"MR. HODGE: Yes, Your Honor.

"THE COURT: Wasn't it April 8 or something like that when the journal entry was filed?

"MR. HODGE: Yes, sir.

"THE COURT: So, we have plenty of time.

"(Thereupon, the Court places a telephone call.)

"THE COURT: The 22nd of June at 9:30. Draw a motion and order setting it for trial—for hearing at that time and have Hemminger back. I think he has to be here when I make my order.

"MR. HODGE: Yes, sir."

In its comments the court may have had in mind the provisions of K. S. A. 1968 Supp. 62-2239 (essentially now K. S. A. 1970 Supp. 21-4603) authorizing a trial court to modify a sentence within one hundred twenty days after its imposition. However, appellee makes no attempt here to justify the court's action under this statute, nor do we believe it applicable. The statute merely permits modification of a sentence—it does not authorize its vacation or the granting of a new trial.

K. S. A. 62-1603, in effect at the time appellee was convicted, authorized the granting of a new trial in criminal cases upon the ground of newly discovered evidence. For reversal the state relies on K. S. A. 62-1604, also in effect when appellee was convicted and sentenced, which provided:

"The application for a new trial must be made before judgment."

The state simply contends the trial court lost jurisdiction to grant a new trial once sentence had been pronounced and the defendant had commenced serving that sentence. We have so held in similar circumstances. In *State v. Looney,* 181 Kan. 402, 312 P. 2d 212, the appellant had been convicted of robbery by a verdict returned April 5, 1956. Thereafter he filed a motion for new trial which was overruled April 12, 1956, and he was sentenced to the state penitentiary and duly committed to that institution. On May 29, 1956, he filed a second motion for new trial based upon newly discovered evidence, the alleged new evidence being the confession of a fellow inmate at the penitentiary that he had committed the robbery for which appellant had been convicted. The trial court determined it had no jurisdiction to order a new trial. This court's ruling upholding the trial court was summarized thus:

"1. An appeal in a criminal case from an order overruling a motion for a new trial on the basis of newly discovered evidence and a motion to set aside a verdict examined, and *held:*

"(a) The court had no jurisdiction after the defendant had partially executed his sentence to set a valid verdict and sentence aside.

"(b) The court neither retained nor had jurisdiction to order a new trial because the motion for new trial had been filed after judgment.

"2. The rule is well settled in this state that when a valid judgment and sentence has been rendered in a criminal case the court has no jurisdiction after the sentence has been executed, in whole or in part, to set it aside and impose a new sentence, even though the sentence be reduced and the court acts within the term, following *Parks v. Amrine,* 154 Kan. 168, 117 P. 2d 586; *State v. Carte,* 157 Kan. 139, 138 P. 2d 429; *State v. Nichols,* 167 Kan. 565, 207 P. 2d 469.

"3. Following the Carte and Nichols cases, a defendant in a criminal case has the right under G. S. 1949, 62-1414 and 62-1603 to apply for a new trial on the grounds as provided by statute, but G. S. 1949, 62-1604 provides the application for new trial must be made before judgment." (Syl.)

Appellee would avoid the impact of *Looney* by reliance on certain provisos in our code of civil procedure. First he points out that K. S. A. 1969 Supp. 60-259 (*a*), *Fifth,* authorizes the granting of a new trial for newly discovered evidence material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial. Next, he states that paragraph (*b*) of the same statute authorizes such a motion to be filed not later than ten days after the entry of judgment. Thus borrowing from the civil code appellee argues that because he filed his motion

for new trial within ten days from the time the journal entry of his judgment and sentence was filed the motion was timely and the trial court could entertain it. Appellee further cites K. S. A. 62-1414, in effect when he filed the motion in question, which provided:

"Verdicts may be set aside and new trials awarded on the application of the defendant; and continuances may be granted to either party in criminal cases for like causes and under the like circumstances as in civil cases."

It is true, as contended by appellee, this court has held in particular instances that, by reason of 62-1414, the provisions of 60-259 are made applicable to criminal cases. For example, in *State v. Collins*, 204 Kan. 55, 460 P. 2d 573, we recently held that by reason of 62-1414 the provisions of 60-259 (*g*) relating to production of evidence upon the hearing of a motion for new trial were applicable to criminal cases. Noteworthy in considering the scope of this ruling is the fact the criminal code then contained no provision governing production of evidence upon hearing of a motion for new trial. The broad general rule contended for by appellee is not without limitation. Obviously, in a criminal proceeding a provision of the code of civil procedure may not prevail in the face of a contrary or inconsistent provision of the criminal code nor may it replace a specific provision in the criminal code. This was the rationale of the holding in *State v. Appleton*, 73 Kan. 160, 84 Pac. 753, as follows:

"Under section 210 of the criminal code (Gen. Stat. 1901, § 5652) [later denominated K. S. A. 62-1414] new trials may be awarded in criminal cases, . . . *if such procedure is not inconsistent with other provisions of the criminal code.*" (Syl. ¶ 1.) (Our emphasis.)

As already indicated, we had at the time in question a specific statute authorizing the granting of a new trial in a criminal case on the ground of newly discovered evidence (62-1603). But instead of the ten day time limitation for the filing of such a motion as found in the civil code (60-259 [*b*]) the criminal code specifically mandated that such motion be filed before judgment (62-1604). *Looney* construed this latter requirement to be jurisdictional and we see no reason why this construction should not control here. Under our former code of criminal procedure this court always held that a sentence became effective and a term of imprisonment commenced when sentence had been pronounced and the defendant had been delivered to the sheriff for execution of the sentence (*State v. Nichols*, 167 Kan. 565, 207 P. 2d 469).

Appellee further urges the trial court had jurisdiction by reason of certain provisions in our new code of criminal procedure which became effective July 1, 1970 (Laws, 1970, Chap. 129). He cites K. S. A. 1970 Supp 22-4602 which provides:

"*Effect on pending actions.* (1) The trial of any prosecution commenced prior to the effective date of this chapter, and proceedings incidental thereto, shall be governed by this chapter unless the defendant elects to be proceeded against under the law in force at the time the prosecution was commenced. Such election shall be made by the defendant in open court or in writing at or prior to the time of commencement of trial.

"(2) Appeals commenced prior to the effective date of this chapter shall be governed by the provisions of this chapter from and after its effective date."

Appellee states he did not elect to be proceeded against under the old procedural code. He further directs attention to K. S. A. 1970 Supp. 22-3501 which authorizes the filing of a motion for new trial based on the ground of newly discovered evidence in criminal cases within two years after final judgment. He argues he is entitled to the benefit of the new procedural code which also repealed the old K. S. A. 62-1604. The argument overlooks the essential of jurisdiction—the power of a court to act at all on a particular question at a particular time. A court must have jurisdiction of the question which its judgment assumes to decide. (*State v. Minor,* 197 Kan. 296, 416 P. 2d 724). The new procedural criminal code does not retroactively supply jurisdiction previously wanting. More specifically, the provisions of K. S. A. 1970 Supp. 22-3501 authorizing within two years after final judgment the filing of a motion for new trial on the ground of newly discovered evidence have no application to criminal cases in which judgment was rendered prior to July 1, 1970. Hence the trial court on June 22, 1970, had no jurisdiction to entertain and grant a motion for new trial and we so hold. Having reached this conclusion it becomes unnecessary to consider whether the Houser testimony was newly discovered evidence or whether due diligence had been used to obtain it.

The trial court's order setting aside appellee's sentence and granting a new trial is reversed. The case is remanded with directions to vacate that order and to reinstate the sentence previously adjudged.

APPROVED BY THE COURT.