No. 46,898

STATE OF KANSAS, *Appellee*, v. PATRICK EDWARD LARKIN, *Appellant*.

(510 P. 2d 123)

Opinion filed May 12, 1973.

*John C. Humpage,* of Topeka, argued the cause and was on the brief for the appellant.

*James R. Fetters,* county attorney, argued the cause and *Vern Miller,* attorney general, was with him on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, J.: This is the second criminal appeal by Patrick Edward Larkin (defendant-appellant) who was convicted by a jury of the offenses of burglary (K. S. A. 1972 Supp. 21-3715) and the theft of property of a value of more than $50 (K. S. A. 1972 Supp. 21-3701). (See, *State v. Larkin,* 209 Kan. 660, 498 P. 2d 37.)

Following the issuance of the mandate by this court in the original appeal on July 19, 1972, the appellant immediately thereafter on July 26, 1972, filed a motion for a new trial premised on the ground of newly discovered evidence pursuant to the provisions of K. S. A. 1972 Supp. 22-3501. Under prior law a motion for a new trial on the ground of newly discovered evidence was not authorized after judgment. (See, *State v. Looney,* 181 Kan. 402, 312 P. 2d 212; and *State v. Hemminger,* 207 Kan. 172, 483 P. 2d 1096.)

Subsequent to the appellant's initial appeal his counsel received unsolicited written correspondence from one of the state's witnesses, Floyd Lesher, Jr., who was a disgruntled accomplice to the crime.

Lesher is now serving a sentence for escape from the honor farm at Toronto. His original sentence was for a series of burglaries in four counties. He was never charged in Smith County and was sent to the reformatory at Hutchinson on a minimum of nine counts of burglary and grand larceny. He was sentenced in Rooks, Phillips and Russell Counties to a term of not less than one nor more than ten years. The Lincoln County district court assessed a penalty of not less than two nor more than ten years. The Lincoln County sentence was later reduced to a term of one to ten years. This change in the sentence took place after expiration of the 120 day period following sentencing. Lesher was a material witness and testified in the trial of the appellant, Larkin. Another accomplice, Solida, also testified and received the identical sentences that Lesher did, except he also pled guilty to a charge of arson in Phillips County and burglary and grand larceny in Smith County. Solida was subsequently placed on parole by the Kansas State Board of Probation and Parole and resides in Phillipsburg, Kansas.

By reason of the letter appellant's counsel received from Lesher the appellant claims the testimony of these two accomplice witnesses, Lesher and Solida, was procured by the state through offers of reward or leniency or promises to get their sentences reduced. The appellant argues that both Solida and Lesher in the course of his trial repeatedly denied that their testimony was secured through promise, reward or offers of leniency by the state. The appellant contends that this testimony of Lesher and Solida, by reason of the letter he received from Lesher on August 27, 1971, disclosed the "grossly untrue nature" of their testimony regarding offers of leniency on the part of the county attorney.

Lesher's letter of August 27, 1971, addressed to John C. Humpage, counsel for the appellant, advised Mr. Humpage that he would not of his own free will be present at the trial of Mr. Higby, also Mr. Humpage's client, because Lesher had not been convicted in the county in which Mr. Higby was to be tried and that Lesher would therefore assert the Fifth Amendment. Lesher said in the letter the same holds true if and when Mr. Larkin gets his new trial. As a concluding paragraph Lesher said:

"Our dear friend, Mr. Fetters, made some agreements that he didn't keep, so I figure it's time I did something for my benefit instead of his and Mr. Solida's. Thank you."

It is the above quoted paragraph in Lesher's letter that prompted the filing of the appellant's motion for a new trial herein.

At the hearing on the motion for a new trial here in question Lesher testified he was not aware when he wrote his letter that it would be used in evidence, and if he had known that he would have been a little more careful in wording his letter, "as Mr. Fetters didn't really promise him anything." As a matter of fact, the witness denied talking to Mr. Fetters except about two minutes, and that was the extent of the conversation, which revolved around Lesher indicating that he would testify if Mr. Solida did. Prior to these statements Lesher said what he meant by the letter was that Mr. Fetters "hadn't got my sentence reduced, which he agreed to do." This statement was also made by Lesher in a subsequent letter on June 15, 1972, addressed to Mr. Humpage and introduced as an exhibit.

Evidence was presented at the hearing on the motion for a new trial that the district court in *Lincoln County*, Kansas, subsequent to the appellant's trial modified Lesher's sentence on July 19, 1971, and Solida's sentence on May 14, 1971. Each man's sentence of two to ten years was reduced to a sentence of from one to ten years in Lincoln County.

The appellant's counsel contends this factor in itself conclusively establishes the existence of efforts by the prosecution to grant lenience to Lesher and Solida.

There was no evidence presented by either Lesher or Solida at the hearing on the motion for a new trial that the county attorney of Smith County, Mr. Fetters, made any deal whatever with them concerning their testimony in the appellant's trial.

Lesher testified that if he were called upon to testify at any subsequent hearing he would testify to the same facts surrounding the burglary exactly the same way and nothing would be changed.

Lesher said the whole problem arose when he received a two to ten year sentence in Lincoln County, instead of a one to ten as he believed he would get. On cross-examination he said he thought a deal had been made between his attorney and the county attorney in Lincoln County.

The jury that tried the appellant in Smith County was informed of the fact that there had been no charges filed against Lesher for the burglary he had committed in Smith County. This was the burglary concerning which Lesher was offering testimony against the appellant.

Lesher further testified that of the four people involved in the burglary in Smith County, he was the only one in jail at the time

he wrote the letters to Mr. Humpage. Leasher admitted he was angered because he was still in jail and the other three accomplices were free.

Mr. Solida testified at the hearing on the motion for a new trial that if there were any offers of leniency discussed with him it was in a general manner in that the county attorney would "see what he could do on Solida's behalf", and that he was represented by his own attorney, Mr. Glassman, in the Lincoln County district court when the sentence was reduced. Mr. Solida also testified that he had testified under oath seven or eight times in this case and the facts surrounding the burglary had not changed a bit.

After hearing these matters the trial court overruled the appellant's motion for a new trial which was filed on the ground of newly discovered evidence.

The law is well settled in this state that the granting of a new trial on the ground of newly discovered evidence rests largely in the discretion of the trial court, and such motion is ordinarily not granted unless the trial court is satisfied that such new evidence would probably produce a different verdict. The credibility of the evidence offered in support of the motion is for the trial court's consideration. (*State v. Law*, 203 Kan. 89, 452 P. 2d 862; *United States v. Gleeson*, 411 F. 2d 1091; *State v. Hale*, 206 Kan. 521, 479 P. 2d 902; and *State v. Campbell*, 207 Kan. 152, 483 P. 2d 495.)

It has also been held where a new trial is sought on the basis of recanting testimony of a prosecution witness, the weight to be given such testimony is for the trial judge passing on the motion for a new trial. (*State v. Theus*, 207 Kan. 571, 485 P. 2d 1327.)

The law upon which the appellant relies is stated in *People v. Savvides*, 1 N. Y. 2d 554, 557, 154 N. Y. S. 2d 885, 887, 136 N. E. 2d 853, as follows:

"It is of no consequence that the falsehood bore upon the witness' credibility rather than directly upon the defendant's guilt. A lie is a lie, no matter what its subject, and, if it is in any way relevant to the case, the district attorney has the responsibility and duty to correct what he knows to be false and elicit the truth. . . . That the district attorney's silence was not the result of guile or a desire to prejudice matters little, for its impact was the same, preventing, as it did, a trial that could in any real sense be termed fair."

The foregoing rule was quoted with approval by the United States Supreme Court in, *Napue v. Illinois*, 360 U. S. 264, 3 L. Ed. 2d 1217, 79 S. Ct. 1173 (1959); and *Brady v. Maryland*, 373 U. S. 83, 10 L. Ed. 2d 215, 83 S. Ct. 1194 (1963).

It must be conceded, as the appellant contends, that the existence of any understanding or agreement on the part of the prosecuting attorney for leniency contrary to the testimony of a prosecution witness is relevant to the credibility of the witness and the jury is entitled to know it. The appellant's difficulty is that he did not establish his basic premise at the hearing on the motion for a new trial to the satisfaction of the trial judge. The leniency granted to Lesher was disclosed to the jury, and the appellant failed to establish any agreement by the county attorney of Smith County with Lesher or Solida for the reduction of their sentences in Lincoln County to the satisfaction of the trial judge who heard considerable testimony of the various witnesses presented on the motion, the abstract of such testimony in the record consisting of approximately eighty pages.

Other matters raised by the appellant have been considered in the light of the record and are found to be of insufficient merit to warrant discussion.

The judgment of the lower court is affirmed.